

Eric Schlabs<br>
1155 Avenue of the Americas. 26th Floor<br>
New York, NY 10036<br>
Telephone: 646.777.0044<br>
ESchlabs@beneschlaw.com

November 25, 2024

**VIA E-FILE**
The Honorable James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

  Re: *Matthew VanderSloot v. Charles Prime LLC*
     Civil Action No: 2:24-cv-7096
     <u>Pre-Motion Letter</u>

Dear Judge Wicks:

  This law firm represents Defendant Charles Baratta LLC d/b/a Prime Marketing Source ("Prime"), in the above-referenced lawsuit.  Pursuant to Local Civil Rule 7.1(d), we respectfully request a pre-motion conference for leave to file a motion to dismiss Plaintiff's Complaint.

  Plaintiff alleges that his residential telephone number is listed on the National Do-Not-Call Registry ("DNC Registry").  From September 2023 through January 2024, Plaintiff alleges that he received 107 unsolicited telephone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Even though Prime did not make the calls, Plaintiff seeks to hold Prime liable.  Plaintiff's claims suffer from two critical problems warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

  **I.** **Summary of Key Legal Issues and Facts**

  Under the TCPA, a plaintiff must allege either (1) direct liability (i.e., that the defendant placed the calls) or (2) vicarious liability (i.e., that the defendant has an agency relationship with the third-party that placed the calls).  Plaintiff does not plausibly allege either basis that would hold Prime responsible for damages in this case.

  Plaintiff alleges that "Medical Health Department," not Prime, made the calls seeking potential plaintiffs for legal representation in connection with litigation involving Camp Lejeune.  (Compl. ¶ 19-20.)  When he spoke to the call representative on January 10, 2024, Plaintiff alleges that the representative asked if he "had received calls from her 'law associate,'" and provided Plaintiff with a telephone number to call.  *Id.* ¶ 21.

  Plaintiff alleges that he called that telephone number and an employee of Prime, Christopher Garcia, answered the call.  *Id.* ¶ 22.  Ostensibly, Plaintiff and Mr. Garcia had some

unspecified conversation which resulted in Mr. Garcia sending Plaintiff an email. In this way, Plaintiff alleges that he "uncovered" that the calls were "originating" from Prime.

### II.     The Complaint Does Not Allege Direct Liability

The TCPA prohibits "any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included" on the DNC Registry. 47 U.S. Code § 227(c)(3)(F). Direct liability only attached to the party that directly <u>initiated</u> the calls by taking "the steps necessary to physically place a telephone call." See *In re Joint Petition Filed by Dish Network, LLC (Dish Network)*, 28 F.C.C. Rcd. 6574, 6582 (2013).

Here, Plaintiff alleges that "Medical Health Department," not Prime, made the calls. While Plaintiff alleges that "Medical Health Department" is a fictitiously named entity, he does not in any way state, or even imply, that Prime made the calls. Rather, at best, Prime was identified as a "law associate" of the entity that made the calls. In short, Plaintiff does not allege that Prime is directly liable for the calls.

### III.    The Allegations Fail to Offer Non-conclusory Facts to Prove Vicarious Liability

To plausibly allege vicarious liability, a plaintiff must plead facts demonstrating an agency relationship. *Craig v. Sandals Resorts Int'l*, No. 12-CV-4793, 69 F. Supp. 3d 322, 327 (E.D.N.Y. Nov. 18, 2014). This requires plausibly alleging that (i) the agent acted with actual authority, (ii) the agent acted with apparent authority, or (iii) the alleged principal ratified the acts of its agent. *Hale v. Teledoc Health, Inc*., No. 20 CV 5245, 2021 U.S. Dist. LEXIS 56967, *7 (S.D.N.Y. March 24, 2021). A plaintiff must allege some facts regarding the relationship between an alleged principal and agent, and cannot simply allege general control in a vacuum. *Melito v. Am. Eagle Outfitters, Inc*., No. 14-CV-02440, 2015 U.S. Dist. LEXIS 160349, *27 (S.D.N.Y. Nov. 30, 2015).

As to apparent authority, only "the words or conduct of the alleged principal, not the alleged agent, establish the [actual or apparent] authority of an agent." *Opp v. Wheaton Van Lines, Inc*., 231 F.3d 1060, 1064 (7th Cir. 2000). Furthermore, "apparent authority must derive from "the statements or actions of the alleged principal, not the alleged agent." *Hale*, 2021 U.S. Dist. LEXIS 56967, *11. Here, Plaintiff does not allege any facts that Prime made any statements indicating that Medical Health Department was acting as its agent, or any facts suggesting that Plaintiff and Mr. Garcia even discussed the prior alleged calls.

As to actual authority, Plaintiff does not plausibly allege that Prime "controlled or had the right to control" the "manner and means" of the calls. *Thomas v. Taco Bell Corp*., No. SACV 09-01097, 879 F. Supp. 2d 1079, 1084-1085 (C.D. Cal. June 25, 2012). Instead, Plaintiff only alleges that the representative asked if Plaintiff "had received calls from her 'law associate,'" and then provided a telephone number that Plaintiff alleges belongs to Prime. That is all.

Plaintiff does not allege any non-conclusory facts with respect to how Prime exercised control over Tiffany, the party that actually called Plaintiff. Indeed, Plaintiff does not even allege as much in a conclusory fashion. ***A plaintiff must allege facts which, if true, would show that a defendant had the right to control the caller and the manner and means of the calls made***.

25184281

*Rogers v. Postmates Inc.,* No. 19-cv-05619, 2020 U.S. Dist. LEXIS 121831, *10 (N.D. Cal. July 9, 2020). At bottom, the caller merely asking Plaintiff if her "law associate" had called, even assuming that the referenced "law associate" was Prime, does not plausibly indicate that Prime had the right to control the caller in any manner. And for similar reasons, given that the answer was "no" with respect to whether the caller's "law associate" had called, there is nothing to suggest that Prime knew anything about the calls in the first place, let alone that it somehow could have ratified the conduct.

Accordingly, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). We thank the Court for its time and attention to this matter.

                Respectfully submitted,

                BENESCH, FRIEDLANDER,
                 COPLAN & ARONOFF LLP

                */s/ Eric Schlabs*
                  Eric Schlabs

25184281