UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------ X

MATTHEW VANDERSLOOT,
individually and on behalf of all others
similarly situated,

                Plaintiff,

-against-

CHARLES BARATTA LLC, D/B/A
PRIME MARKETING,

                Defendant.

-------------------------- X

**PROPOSED RULE 26(f)
SCHEDULING ORDER**
**2:24-cv-07096 (JMW)**

## I. DISCOVERY PLAN

Pursuant to Rule 26(f)(3), the Parties have conferred and jointly propose the following Discovery Plan:

    **A.**    The Parties **do not** anticipate the need for any changes to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

    **B.**    The Parties anticipate that discovery may be needed on at least the following subjects:

**Plaintiff:** Anticipates the need for discovery on the following subjects: The merits of the Plaintiff's claim and the requisites of Fed. R. Civ. P. 23.

**Defendant:** Defendant anticipates the need for discovery on the following subjects, without limitation: records or documentation that form the basis for Plaintiff's TCPA allegations and Defendant's defenses, including communications between Plaintiff and Defendant and Plaintiff or third parties relating to the allegations in the Complaint; Plaintiff's telephone records, recordings, or other notes or documents regarding the alleged telephone calls; Plaintiff's electronic devices, software, and systems used for accessing the internet, including but not limited to device identifiers, IP address(es), internet providers, and records regarding the same; information regarding the telephone number at which Plaintiff received the at-issue calls, including discovery regarding the telephone provider, telephone records to investigate the alleged at issue calls and Plaintiff's allegations that the telephone number is a residential telephone number and registered on the DNC Registry for which he is the subscriber, inclusive of any other alleged telephone numbers for which Plaintiff is the subscriber or user that he contends are residential and/or are registered on the DNC Registry; and discovery bearing on all elements for class certification under Fed. R. Civ. P. 23.

    **C.**    **Discovery Limitations**. The Parties have conferred and **do not** believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil and Local Rules of the Southern and Eastern Districts of New York.

    **D.**    For cases where basis of subject matter jurisdiction is diversity: Not Applicable.

    **E.**    **ESI Discovery**

Have counsel discussed the existence of electronically stored information and discussed the location and production of such information, as required by Rule 26?  YES ☒  NO ☐

Have the parties entered into an ESI protocol stipulation?  YES ☐  NO ☒

Alternatively, if no ESI protocol is necessary because of the limited amount of ESI in the case, please check here:  ☑

*If needed, the parties are referred to the court's website for an ESI protocol template.*
*https://www.nyed.uscourts.gov/content/magistrate-judge-james-m-wicks*

    **F.**    **Confidentiality**

Do the parties anticipate the need for a confidentiality stipulation and order?
YES ☒  NO ☐

*If needed, the parties are referred to the court's website for a Confidentiality Stipulation and Order template.  https://www.nyed.uscourts.gov/content/magistrate-judge-james-m-wicks*

**MAGISTRATE CONSENT**

Pursuant to 28 U.S.C § 636(c), the parties have the right consent to have all proceedings, including trial, before a Magistrate Judge at any time.  *If the parties so consent, then the parties must file a Consent to Magistrate Judge form available on the Court's website*,

https://img.nyed.uscourts.gov/files/forms/ClerksNoticeofRule73.pdf).

    **II.**    **Proposed Case Management Order**

**Defendant's Position:** Defendant believes that discovery in this matter should be stayed pending the outcome of Defendant's forthcoming motion to dismiss. *Cohen v. Saraya USA, Inc*., No. 23CV08079NJCJMW, 2024 WL 198405, at *3–4 (E.D.N.Y. Jan. 18, 2024) (this Court found good cause—e.g., the defendant's arguments that plaintiff has not adequately alleged a violation—warranting the issuance of a stay of discovery pending the outcome of Defendant's anticipated Rule 12(b)(6) motion); *Romain v. Webster Bank N.A*., No. 23-CV-5956 (NRM) (JMW), 2024 WL 3303057, at *5 (E.D.N.Y. July 2, 2024) ("Still, discovery should be stayed given that all discovery would be for naught if the Complaint is dismissed in its entirety") (citing cases).  If the motion to dismiss is granted, establishment of additional case management dates is moot. If the motion to

dismiss is denied, Defendant proposes that the parties then submit an updated proposed case management plan within 14 days of the order.

**Plaintiff's Position:** Plaintiff proposes that discovery should be completed as set forth below, for which Defendant agrees only if the Court denies Defendant's request to stay discovery pending the outcome of its motion to dismiss. Plaintiff opposes any discovery stay. In class action litigation, the prompt and thorough discovery of relevant evidence is essential to both class certification and the prosecution of the case on behalf of all class members. Staying discovery wholesale would unjustly delay this process, hindering the Plaintiff's ability to gather the necessary evidence to support class certification and to prove the merits of the case, particularly when, as here, there is a dispute as to the parties or entities that placed the calls that may be clarified by discoverable subscriber and telephone records. Courts have long held that delays in discovery can disproportionately harm plaintiffs in class actions by allowing evidence to dissipate and by complicating the identification and preservation of necessary records. For example, in *Saleh v. Crunch, Ltd. Liab. Co.*, Court recognized that a stay "would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses." 2018 U.S. Dist. LEXIS 36764, at *4- 5 (S.D. Fla. Feb. 28, 2018). This risk is particularly pronounced in cases like this based on ethereal calling and subscriber records, where the passage of time can irreparably damage the plaintiff's ability to establish commonality and typicality, among other elements of Rule 23.

| | |
|---|---|
| January 16, 2025: | Exchange of Rule 26(a)(l) disclosures |
| January 17, 2025: | Service of first interrogatories and document demands |
| March 3, 2025: | Responses to first interrogatories and document demands |
| May 2, 2025: | Motions to join new parties or amend the pleadings |
| June 9, 2025: | Meet and confer regarding 30(b)(6) depositions [CORPORATE DEPS] |
| : | Status conference to be held via Zoom. The Court will email a Zoom invitation closer to the conference date. [DATE TO BE FILLED IN BY COURT] |
| October 24, 2025: | Completion of all fact discovery |
| October 31, 2025: | Identification of case-in-chief experts and service of Rule 26 disclosures |
| November 28, 2025: | Identification of rebuttal experts and service of Rule 26 disclosures |
| December 19, 2025: | Close of all discovery, including expert discovery |
| : | Final date by which parties shall take the first step of summary judgment motion practice. Depending on the assigned district judge, the first action commencing the practice would be either requesting a pre-motion conference or initiating the exchange of Local Civil Rule 56.1 statements. |

        Parties are required to consult the individual rules of the district judge regarding motion practice. [DATE TO BE FILLED IN BY COURT]

:   Pretrial conference. These conferences shall be held via Zoom unless the case is assigned to the undersigned for all purposes including trial. If the assigned district judge requires one, a joint proposed pretrial order in compliance with that judge's requirements and signed by counsel for each party must be received by the undersigned 5 business days prior to this conference. If a motion for summary judgment, or for a pre-motion conference as to the same, is filed then the Pretrial Conference is adjourned sine die and the requirement, if any, to file a joint proposed pretrial order is held in abeyance until further order of the court. [DATE TO BE FILLED IN BY COURT]

Pursuant to Rule 16, this scheduling order will be modified by the Court only upon a timely showing of good cause. See *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); see generally *Jeremiah J. McCarthy*, Rule 16(b)(4): Is "Good Cause" a Good Thing? Why I Hate Scheduling Orders, 16 Fed. Cts. L. Rev. 1 (2024) (discussing standards applied in determining "good cause" under Rule 16). Any request for modification of this scheduling order must be in writing, set forth the requisite good cause and filed in accordance with the undersigned's Individual Rules. The parties are reminded that any requests to alter or extend a scheduling order after the deadlines have passed will need to establish good cause and in addition, excusable neglect, in accordance with Fed. R. Civ. P. 6(b)(1)(B).

Motions to resolve discovery disputes must be made by letter in accordance with Local Civil Rules 37.1 & 37.3 and in compliance with additional requirements set forth in the undersigned's Individual Rules, except deposition rulings which the Court encourages be sought during the deposition. Motions that do not comply with all requirements will be rejected.

**COUNSEL:**

For Plaintiff(s): Andrew Perrong

For Defendant: David M. Krueger

Dated:

                              SO ORDERED:

                              _____
                              JAMES M. WICKS
                           United States Magistrate Judge

25349848