**Benesch**

David M. Krueger
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 216.363.4683
Fax: 216.363.4588
dkrueger@beneschlaw.com

January 17, 2025

**VIA E-FILE**

The Honorable James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

    Re:    *Matthew VanderSloot v. Charles Prime LLC*
           Civil Action No: 2:24-cv-7096
           Letter Motion to Stay Discovery and Case Deadlines

Dear Judge Wicks:

Pursuant to the Court's Order (Dkt. 22), Defendant Charles Baratta LLC d/b/a Prime Marketing Source ("Defendant"), respectfully requests an order from the Court staying discovery and case deadlines (Dkt. 23), in this matter, pending determination of Defendant's forthcoming motion to dismiss.

Upon a showing of "good cause," the Court has the discretion and "power to stay" discovery and case deadlines pending determination of a motion to dismiss. *Island Exterior Fabricators, LLC v. Priedemann Facade Lab GmbH*, No. 223CV0678JSJMW, 2023 WL 1451623, at *1 (E.D.N.Y. Feb. 1, 2023). Good cause exists to grant this stay, because the case should not go forward here at all: Plaintiff's Complaint is premised entirely on vague suppositions about what Defendant may or may not have done or authorized with respect to the telephone calls he allegedly received. None of the allegations are viably pled to state a legal claim.

Courts consider the following factors: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of

January 17, 2025
Page 2

responding to it; (3) the risk of unfair prejudice to the party opposing the stay; as well as the posture or stage of the litigation. *Cohen v. Saraya USA, Inc.*, No. 23CV08079NJCJMW, 2024 WL 198405, at *2 (E.D.N.Y. Jan. 18, 2024) (citations omitted).

These factors favor a stay here.

**A. Factor One: A Strong Showing That Plaintiff's Claims Are Unmeritorious.**

<u>First</u>, Defendant has shown that Plaintiff's claims fall short.[1] Plaintiff does not allege objective facts that show direct or vicarious liability. Here, he states that "Medical Health Department," not Prime, made calls. (Dkt. 1 ¶¶ 19-20). He states that "Tiffany" called him, but does not (and cannot) allege that she ever identified herself as a Prime employee. (*Id. generally.*) The Complaint boldly states that Plaintiff "in fact uncovered" that all calls originated from Defendant. However, it is Plaintiff's burden to state factual claims, not mere conclusions and/or hyperbole. Once speculation is separated from the face of the Complaint, nothing remains to sufficiently assert direct liability on Defendant's part.

He alleges that Plaintiff, not Defendant, initiated a call to an employee of Prime. (Dkt. 1 ¶ 22). And as a result of Plaintiff's call, he received an email from that employee. (*Id.*) As Defendant previously argued, "even assuming that the referenced 'law associate' was Prime, [this] does not plausibly indicate that Prime had the right to control" whoever actually called Plaintiff.

---

[1] A "stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or [ ] 'do[es] not appear to be without foundation in law.'" *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

January 17, 2025
Page 3

(Dkt. 1 ¶ 21; Dkt. 11). Nothing alleged suggests that Prime knew anything about the calls in question, let alone that any indicia required to plausibly allege vicarious liability are present.

To comply with the word limit for letter motions, Defendant incorporates by reference all arguments outlined in its Pre-Motion Letter, (Dkt. 11), and that will be more fully detailed in its motion to dismiss.

**B.    Factor Two: Breadth of Discovery and Corresponding Burdens.**

Second, Plaintiff seeks classwide discovery for over 100 calls. Defendant anticipates that at this stage, Plaintiff will attempt to use discovery as a backdoor for additional facts regarding his claims. Hence, the Court should review the Complaint in its current state. Indeed, it is especially concerning that Plaintiff's Response (Dkt. 17) includes, for the first time, many allegations found nowhere in the Complaint—which he claims is currently sufficient. He argued that he can simply amend the Complaint to better assert more allegations. (*Id.*) Plaintiff misapplies his burden[2] to ensure that the Complaint was properly pled at the onset. He argues for allegations that are not properly before the Court, such as that he received calls and text messages from Christopher Garcia *after* he allegedly called Defendant himself. (*Id.*) Certainly, if Plaintiff's current Complaint is dismissed entirely, or is to be substantially amended, then Defendant should be spared the heavy burden and waste of assigning resources to discovery now, only for Plaintiff to subsequently and significantly amend his Complaint. This move would likely expand discovery to address new and

---

[2] A complaint must plead "enough facts to state a claim to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

albeit currently unknown allegations. (*See e.g.,* Dkt. 17) (stating that "There exist additional unpled facts.")

Moreover, if the Complaint's numerous deficiencies were so "easily curable," (*id*), Plaintiff would have done so prior to filing this case. Thus, there is little risk of unfair prejudice to stay discovery. Your Honor recently recognized that "Plaintiffs prejudice argument appears contradictory as they delayed bringing this action in the first place despite possessing the present information long before now." *Alloway v. Bowlero Corp.*, No. 2:24-CV-04738 (JS) (JMW), 2024 WL 4827752, at *7 (E.D.N.Y. Nov. 18, 2024). Plaintiff has shown, (Dkt. 17), that he could have, but chose not to diligently plead adequate facts, thereby delaying the litigation. This tactic is itself prejudicial to Defendant.

### C. Factor 3: Risk of Prejudice if Stay is Granted.

Finally, the assertion that "delays in discovery can disproportionately harm plaintiffs in class actions by allowing evidence to dissipate and by complicating the identification and preservation of necessary records," (Dkt. 20 at "Plaintiff's Position"), is dwarfed by this Court's recognition, that "the risk that documents may be destroyed is 'one of the usual litigation risks that affect all parties equally' and 'does not constitute sufficient prejudice to warrant denying a stay of discovery …'"). *Id.* at *7 (citation omitted). Nonetheless, Defendant implemented litigation holds. This case is still in its "nascent stage" to warrant a stay. *Id.*

Considering the relevant factors, Defendant respectfully requests that the Court enter an order staying discovery pending the outcome of Defendant's motion to dismiss.[3]

---

[3] The parties' briefing plan spans one month. (Dkt. 21). *See Romain v. Webster Bank N.A.*, No. 23-CV-5956 (NRM) (JMW), 2024 WL 3303057, at *2–5 (E.D.N.Y. July 2, 2024) (The Court can

January 17, 2025
Page 5

                              Thank you for your consideration,

                              **BENESCH, FRIEDLANDER,**
                                **COPLAN & ARONOFF LLP**

                              David M. Krueger

DMK: LEK; RSA

---

"stay discovery where resolution of a preliminary motion may dispose of the entire action," and "discovery should be stayed given that all discovery would be for naught if the Complaint is dismissed in its entirety.") (Citing *Vida Press v. Dotcom Liquidators, Ltd.,* 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022) ("the breadth of discovery and corresponding burden of responding would prejudice Defendant if its motion to dismiss is indeed granted."); *Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 WL 86394, *1 (S.D.N.Y. Feb. 27, 1997) (disposition of dismissal motion may significantly narrow or eliminate issues, and proceeding with discovery would waste resources and cause an undue burden on defendants).)