

**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com                                                                                           Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com                                                                                                              Fax (888) 329-0305

January 24, 2025

*VIA ECF*
Chambers of Hon. James M. Wicks
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re:    Response to Letter Motion to Stay Discovery,
*VanderSloot v. Charles Baratta LLC*, No. 24-cv-7096

Dear Judge Wicks:

I represent Plaintiff Matthew VanderSloot in the above-captioned matter. We write to address the Defendant's Letter Motion to Stay Discovery pending the outcome of its motion to dismiss, filed at ECF No. 24. For the reasons that follow, the motion, which also seeks to all other case deadlines, should be denied.

As Your Honor has noted time and again, stays of discovery, not to mention the stay of all applicable case deadlines that the Defendant seeks here, are disfavored because they are "at odds with Rule 1's mandate" to ensure the "just, *speedy*, and inexpensive determination of *every* action and proceeding." *Allen v. New York State*, No. 2:24-CV-02800 (JS) (JMW), 2024 WL 4654220, at *1 (E.D.N.Y. Nov. 1, 2024) (quoting FED. R. CIV. P. 1) (emphasis added). As Your Honor noted in *Allen*, where you denied a *joint, unopposed* motion to stay, "The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery." *Id.* at *2 (citing cases) (cleaned up).

Plaintiff respectfully submits that the three-factor test articulated by this Court for the "good cause" standard has not been satisfied here.

As to the first factor, the Defendant has not made the "strong showing" that the Plaintiff's claims are "wholly unmeritorious," as the first prong of the test here requires. At the pleadings stage, the Plaintiff has demonstrated sufficient facts which entitle him to further discovery as to the exact relationship between the callers here and the Defendant so as to support a claim for either direct or vicarious

liability under the TCPA. As so many courts have held, these allegations give rise to the inference that a caller who provides the Defendant's contact information as a callback number is either Defendant itself or at least affiliated with the Defendant so as to entitle the Plaintiff to discovery on who placed the calls at issue. *See, e.g.*, *Havassy v. Keller Williams Realty, Inc.*, No. CV 21-4608, 2024 WL 1640984, at *6 (E.D. Pa. Apr. 16, 2024) (holding Keller Williams liable for agent's actions and imputing an agency relationship based on representations on Keller Williams' website); *Hossfeld v. Allstate Ins. Co.*, 726 F. Supp. 3d 852, 877 (N.D. Ill. 2024) (imputing, at summary judgment, both Allstate agent's and that agent's third-party telemarketing vendor's and subvendor's TCPA violations to Allstate as principal and noting that "Allstate does not seriously dispute that its contractual relationships with Fleming and Gilmond created a principal-agent relationship in law."); *Cunningham v. Wallace & Graham*, No. 1:24-CV-00221, 2024 WL 4826798, at *3 (M.D.N.C. Nov. 19, 2024); *Cunningham v. Watts Guerra, LLP*, No. SA-22-CV-363-OLG (HJB), 2024 WL 3100773, at *13 (W.D. Tex. May 23, 2024).

It is true that the Plaintiff spoke with callers who identified themselves as with the "Medical Health Department," but the Complaint outlines the evidence linking these callers as the Defendant, including by an *email* that the Defendant does not seriously dispute it sent based on the Plaintiff calling a number that was provided to him as a callback number by the caller who claimed to be from the "Medical Health Department." The facts of *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 282 (S.D.N.Y. 2024) doom the Defendant's contention that the Plaintiff's allegations are somehow deficient because he identified the caller on a number he called back and not on the initial call. There, the Court concluded that, because the number, when called back, played a message identifying it as the Defendant, "a reasonable factfinder could [infer] that Bottom Line Capital owned and controlled the phone number used to place the robocall to Martin." *Id.* The *Martin* court cited to at least three other decisions similarly holding based on similar investigative efforts, including a case where the "plaintiff returned the robocall." *Id.* At bottom, because courts routinely permit TCPA cases alleging even more deficient facts than here to proceed, the conclusion to be drawn from the review of the case law demonstrably shows that the Plaintiff has alleged a plausible claim linking the Defendant to the alleged calls at the pleadings stage to allow the Plaintiff to develop a theory of direct or vicarious liability against the Defendant. *See Califano v. Roman Cath. Diocese of Rockville Ctr., New York*, No. 24-CV-04346 (AMD) (JMW), 2024 WL 4276170, at *8 (E.D.N.Y. Sept. 24, 2024) (thoughtfully reviewing caselaw in determining plaintiff has pled a meritorious claim).

As to the second factor, the breadth of discovery and the burden of responding to it, is not "substantial" at this time since it is naturally limited by the Defendant's motion, denial of liability, and corresponding need for basic, initial discovery into the calls at issue and the relationship between the Defendant and any third parties that may have sold the Defendant the Plaintiff's information or called the Plaintiff

on Defendant's behalf. Defendant's motion does not challenge that the conduct, as pled, would violate the TCPA. Rather, it challenges whether the Plaintiff has adequately pled that the Defendant is liable for it. As such, the discovery sought would first encompass the "actions, omissions, and conduct undertaken by the moving Defendant[]" before moving on to more fulsome discovery regarding classwide calling and consent data. *Allen*, 2024 WL 4654220, at *5. What's more, on this posture, *even if* the motion was granted, the provision of the Defendant's telephone number and subsequent communications from the Defendant indicate that the Defendant would still be an important witness in the case and, even if dismissed, would be subject to third party discovery. *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006). As such, the considerations here on this second factor also weigh against staying discovery.

Third and finally, the Plaintiff will suffer substantial prejudice if the Court grants a stay in discovery, not to mention a significant waste of judicial resources. The alternative of a stay here will lead the Plaintiff and the Court down a far more laborious and circuitous path. For example, if the Plaintiff files an amended complaint naming an additional Doe Defendant, the Plaintiff would first need to seek leave to conduct discovery before having a 26(f) conference with that Doe Defendant. Then, the Plaintiff would serve discovery on third party telephone service providers to ultimately identify the Defendant and/or Doe Defendant who placed the calls at Defendant's direction. Depending on what third party discovery revealed, the Plaintiff would seek leave to file another amended complaint naming any third-party Defendant. Then, the Plaintiff would need to serve traditional discovery on *that* Defendant, which would inevitably reveal details as to the relationship between that Defendant and the Defendant here. And, as noted, if a stay of discovery *was* granted, assuming the motion to dismiss was also granted for failure to allege sufficient facts for a holding of direct liability (with leave to amend to allege those facts), then the Plaintiff would "blindly be realleging claims without the benefit of discovery to help bolster her causes of action." *Allen*, 2024 WL 4654220, at *6. Because the crux of the motion to dismiss here, just as in that case, is that the Plaintiff has pleaded insufficient factual information, and because the Plaintiff needs such information to proceed, the prejudice to the Plaintiff is sufficient to weigh against granting the motion as to this third and final element.

For the foregoing reasons, the Defendant's letter motion should be denied. I remain at your chambers' dispensation in the event that further correspondence or clarification is required.

Respectfully Yours,

Andrew R. Perrong, Esq.