

David M. Krueger
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Direct Dial: 216.363.4683
Fax: 216.363.4588
dkrueger@beneschlaw.com

February 27, 2025

**VIA E-FILE**

The Honorable James M. Wicks
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

    Re:    *Matthew Vandersloot v. Charles Baratta, LLC*
            Civil Action No: 2:24-cv-7096
            Pre-Motion Letter

Dear Judge Wicks:

       Pursuant to Local Civil Rule 7.1(d), Defendant Charles Baratta LLC d/b/a Prime Marketing Source ("Prime") requests a pre-motion conference for leave to file its Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). (Dkt. 28.)

       As this Court previously noted in granting Prime's motion to stay discovery, "Defendant has made a strong showing that Plaintiff's claims may lack merit." (Dkt. Order on 2/7/2025.)

       In a rush to drum up new allegations, merely six days later Plaintiff filed the FAC. In a filing based on almost entirely new facts, Plaintiff alleges that he received unwanted calls that "originat[ed] from the Defendant" because some phone numbers were supposedly interchangeably used by the parties who contacted him. (Dkt. 28 ¶¶ 41–43.) Nothing in the FAC or in the law gives Plaintiff a cause of action against Prime. The FAC should be dismissed because it: (1) does not allege any facts as to direct liability; and (2) does not plead vicarious liability, since no facts suggest the exercise of any control by Prime over a third party.

February 27, 2025
Page 2

And this is without touching upon the allegations in the FAC that contradict the original complaint, though such contradictions will be further elaborated upon in a dispositive motion. *See, e.g.*, *Sander v. Enerco Grp., Inc.*, 2023 WL 1779691, at *4 (S.D.N.Y. Feb. 6, 2023) ("Although 'an amended complaint ordinarily supersedes the original, and renders it of no legal effect, in cases where allegations in an amended pleading directly contradict pleadings in the original complaint, courts have disregarded the amended pleading.'") (citation omitted).[1]

I.      **Plaintiff Does Not Plead Direct Liability.**

Plaintiff must establish either direct or vicarious liability. *Banks v. Solar*, 416 F. Supp. 3d 171, 173 (E.D.N.Y. 2018). He must plead that Prime took "steps necessary to physically place" the calls). *In re Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6582 (2013). It did not. And the FAC makes no showing to the contrary.

Here, Plaintiff now alleges that the first call came from "DeAndre." (Dkt. 28 ¶ 24.) He never asserts that the caller identified himself as working for Prime. Instead, Plaintiff admits that "the caller identif[ied] himself as [ ] from 'Legal Helpers.'" (*Id.*) The FAC provides zero information suggesting that Prime placed this call. Next, he alleges that from September 4, 2023 to January 10, 2024, Plaintiff received "at least 69 calls" from "Tiffany" and from "DeAndre." (*Id.* ¶ 26.) Again,[2] these purportedly fictitious parties never named Prime in any capacity. (*Id.* ¶¶ 24–32.) *Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 30, 2015). And

---

[1] These include, but are not limited to, all 100+ alleged calls supposedly being made by the same caller, versus Plaintiff's new allegation that over 31 of those alleged calls were supposedly from someone else. (*Compare* Compl. ¶ 19, *with* FAC ¶ 26.)

[2] (Dkt. Order on 2/7/2025) (stating that by Plaintiff's own admissions, the purportedly fictitious parties initiated the calls, not Defendant.)

25558815

February 27, 2025
Page 3

like the original complaint, when the callers (Tiffany or DeAndre) asked if Plaintiff had received any retainer agreement, the answer *still* is apparently "no." (Dkt. 28 ¶¶ 27, 32.)

Worse, Plaintiff admits that with respect to all other subsequent calls, he *initiated* a phone call to Mr. Garcia, which resulted in an email *response* from @primemarketingsource.com. (Dkt. 28 ¶¶ 33–42.) No facts exist here to support direct liability.

## II.     Plaintiff Does Not Allege Control to Establish Vicarious Liability.

Despite boldly concluding in the FAC that "all these calls were placed directly by" Prime, (*id*. ¶ 23), Plaintiff still ultimately alleges that this is a situation of vicarious liability because "Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf" violated the TCPA. (*Id*. ¶¶ 64, 66.) He suggests that a 210-405-8263 phone number was used by "DeAndre" and "Chris," therefore the callers are connected to Prime. (*Id*. ¶¶ 28–29, 43, 47.) Plaintiff does not state a plausible basis for relief. *Hale v. Teledoc Health, Inc*., 2021 WL 1163925, at *3 (S.D.N.Y. Mar. 25, 2021).[3] Plaintiff must demonstrate that Prime "controlled or had the right to control [ ] the manner and means." *Thomas v. Taco Bell Corp*., 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012). There are no facts showing that Prime played such a role.

The FAC points to nothing showing that Prime controlled the manner, means, or decisions made by "Tiffany" and "DeAndre." *Plaintiff contacted* Mr. Garcia, not the other way around. (Dkt. 28 ¶ 33.) Plaintiff makes a big deal of the -8263 phone number he alleges was used by both Garcia and "DeAndre." (*Id*. ¶ 43.) The FAC does not state that "Tiffany" ever used this number. There is no adequately pled relationship between "Tiffany" of "Medical Health Department" and Prime. Yet, Plaintiff believes that this number belongs to Prime (*id*. ¶ 29), and that these entities are

---

[3] For that matter, despite alleging that Prime, in New York, made these calls, the "210" area code is in San Antonio, Texas.

25558815

February 27, 2025
Page 4

interconnected. (*Id*. ¶ 45–48.) They are not. *Melito,* 2015 WL 7736547, at *7 (Plaintiffs "cannot simply allege general control in a vacuum."); *Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *4 (E.D.N.Y. Feb. 25, 2019) (citing *Keating*, 615 F.App'x 365, 373-74) ("[N]othing in the record [ ] reasonably can be construed to indicate that the defendants held out to third parties, or to anyone else, that [the marketing company] was authorized to send text messages.").

Plaintiff has failed to propound a theory of liability as against Prime. The FAC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

We thank the Court for its attention to this matter.

Respectfully Submitted,

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

David M. Krueger

25558815