

**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com  Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com  Fax (888) 329-0305

March 11, 2025

*Via* ECF
Chambers of Hon. James M. Wicks
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re:   Response to Second Pre-Motion Letter,
*VanderSloot v. Charles Baratta LLC*, No. 24-cv-7096

Dear Judge Wicks:

I represent Plaintiff Matthew VanderSloot in the above-captioned matter. We write to address the Defendant's second pre-motion letter filed with the Court on February 27, 2025 (ECF No. 29). As this Court recognized, the Plaintiff's amended complaint "presents a considerable amount of new facts that may alter or negate some of Defendant's assertions made in its motion to dismiss." Those new facts pled in the Amended Complaint dictate that leave to file the instant motion to dismiss should be denied.

The Plaintiff does not merely "drum up new allegations." Rather, the Plaintiff reviewed the Court's ruling on the motion to stay, which alluded to unpled facts, and dedicated substantial time and effort into reviewing the complete universe of calls that the Defendant placed to the Plaintiff. As a result, Plaintiff determined that the better way of connecting and pleading the relatedness of the calls was through amendment and as a result filed an amendment to his original complaint, as of right, outlining those well-established connections to counter the Defendant's position that "Legal Helpers" and "Medical Health Department" are simply aliases used by the Defendant.

The fact that the Defendant uses aliases to hide its calling conduct is further supported by the fact that Plaintiff received text messages from the *same number* connecting "Legal Helpers" to the Defendant from the same person, who also happens to have an email address at the Defendant's domain. (Am. Compl. ¶ 37, 41–44). Defendant attempts to overcome this well-pled allegation by positing that the number was "interchangeably used by the parties who contacted him." That assertion stretches the boundaries of logic and common sense, and at the very least

shows that the Plaintiff is entitled to discovery on the issue.

Nor does the Plaintiff's original complaint contradict the amended complaint. All the calls at issue were placed by the same entity, the Defendant, through various employees thereof, including "Christopher," "DeAndre," and "Tiffany." That the Plaintiff has in his amended complaint outlined the approximate number and contents of communications sent by the Defendant's three employees is not contradictory to the Plaintiff's position that the calls originated from the Defendant.

Defendant's contention that the initial call was not placed by it fares no better. The very first call that the Plaintiff was able to link to the Defendant was the August 30, 2023 call from "DeAndre" calling with the deliberately fake name "Legal Helpers" and spoofing a fake caller ID. (Am. Compl. ¶ 24). And, on September 20 and 27, that very same individual sent the Plaintiff a text message identifying himself as "DeAndre" with "Legal Helpers." (Am. Compl. ¶ 28). That text came from the same number that Christopher Garcia, another Prime Marketing employee, would also identify himself by providing his Prime Marketing email address, and also claimed that he was with "Legal Helpers," despite previously identifying himself as with Prime Marketing and providing his Prime Marketing email. (Am. Compl. ¶ 36, 37, 40).

The aforementioned facts show that this is a case of direct, not vicarious, liability. The facts asserted in the complaint, as will be established and tested through discovery, shows that the Defendant owns the 210-405-8263 number and that the text messages sent from that number establish that the Defendant uses the fake alias "Legal Helpers" instead of its real name, Prime Marketing, in its communications to hide its identity and the fact that it is flagrantly breaking the law. The use of employees and aliases to hide its conduct, nor the Plaintiff's subsequent investigation, do not provide any help to the Defendant in this regard.

What the Plaintiff pleads is more than sufficient to give rise to the inference of direct liability, as the Southern District thoughtfully examined in *Martin v. Bottom Line Concepts, LLC*. 723 F. Supp. 3d 270, 275, 282–83 (S.D.N.Y. 2024). There, the plaintiff alleged, as here, that the calls all came from a number that used a different name as an alias and that when called back, played "a prerecorded message" identifying the Defendant's alias. *Id.* The Court flatly concluded that defendant's contention that it did not place the calls, albeit with a fake name, was illogical: "BLC is wrong. The FAC alleges that 'BLC directly initiated' the call at issue and pleads 'factual content [that] allows the court to draw the reasonable inference that [BLC] is liable for the misconduct alleged.'" *Id.* (cleaned up). Helpfully, the court identified several facts and inferences which allowed it to draw that conclusion, including that the defendant appeared to own and control the phone number, that the defendant was the beneficiary of the message conveyed via the robocall, and that defendant used a pseudonym to avoid ill will for the defendant's brand. *Id.*

2

So too here. The fact that "DeAndre" and "Christopher" both appear to have access to the Defendant's telephone number to be able to text people, the fact that Christopher sent his Prime Marketing email address, the fact Chrisopher confirmed he worked for Prime Marketing, and the fact that Chrisopher subsequently sent text messages with the fake alias "Legal Helpers" confirm not only that this is an alias used by the Defendant, but also that the Defendant clearly placed the calls and text messages at issue through such fake names. To the extent that the Defendant feels it can argue that DeAndre and Christopher were not authorized to send the subject text messages and calls from what is apparently the Defendant's telephone number, it can explore those contentions in discovery. A motion to dismiss is not the proper venue for disputing liability when, as here, the Plaintiff has sufficiently pled facts tending to show that the calls came from the Defendant.

As so many courts have held, Defendant seeks to impose an "untenable" standard of specificity upon the Plaintiff at the pleadings stage and take advantage of its own misconduct. As explained in the Amended Complaint, the entire course of calling conduct has been adequately tied to the Defendant. Defendant seems to require the Plaintiff to plead more than the "short and plain statement" demonstrating an entitlement to relief. FED. R. CIV. P. 8(b)(1)(A).

Plaintiff remains hopeful that this letter, and subsequent conference, will cause the Defendant to reconsider its positions. Should they not, the Plaintiff will respond to any motion in due course.

                                                    Respectfully Yours,

                                                    Andrew R. Perrong, Esq.