# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW VANDERSLOOT, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-07096-JMW |
| Plaintiff, | |
| v. | Honorable James M. Wicks |
| CHARLES BARATTA LLC D/B/A PRIME MARKETING, | |
| Defendant. | |

**DEFENDANT CHARLES BARATTA LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## **TABLBE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................... 1

II.  ARGUMENT .......................................................................................................... 1

      A.   The Opposition's authorities to support direct liability are inapposite because Prime was never named on any call........................................ 1

      B.   Plaintiff's attempt to impute direct liability based solely on the alleged use of similar telephone numbers fails to meet the plausibility threshold............................................................................................. 4

      C.   Plaintiff cannot escape the blatant contradictions between the Complaint and the FAC and he <u>continues</u> to interject unpled facts in his opposition to the prejudice of Prime. ............................................................ 5

III. CONCLUSION....................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aaronson v. CHW Grp., Inc.*,
  No. 1:18-CV-1533, 2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ...........................................3

*Bank v. CreditGuard of Am.*,
  No. 18-cv-1311-PKC-RLM, 2019 WL 1316966 (E.D.N.Y. Mar. 22, 2019) ...........................2

*Bank v. GoHealth, LLC*,
  No. 19CV5459MKBCLP, 2021 WL 2323282 (E.D.N.Y. Mar. 8, 2021) .................................3

*Bank v. Pro Custom Solar LLC*,
  No. 1:17-cv-00613-LDH-JO, 2020 WL 5242269 (E.D.N.Y. Mar. 31, 2020) ......................1, 3

*Cunningham v. Vivint, Inc.*,
  No. 2:19-cv-00568, 2022 U.S. Dist. LEXIS 113573 (D. Utah June 23, 2022) .........................5

*Cunningham v. Wallace & Graham PA et al.*,
  No. 1:24-cv-00221, Order (M.D.N.C. April 23, 2025)..............................................................5

*Dobronski v. Total Ins. Brokers, LLC*,
  No. 21-cv-10035, 2021 U.S. Dist. LEXIS 186528 (E.D. Mich. Sept. 29, 2021).......................7

*Frank v. Cannabis & Glass, LLC*,
  No. 2:19-CV-00250-SAB, 2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) ...............................5

*Hurley v. Messer*,
  No. CV 3:16-9949, 2018 WL 4854082 (S.D.W. Va. Oct. 4, 2018) ..........................................5

*Martin v. Bottom Line Concepts, LLC*,
  723 F. Supp. 3d 270 (S.D.N.Y. 2024).......................................................................................2

*Metzler v. Pure Energy USA LLC*,
  2023 WL 1779631 (S.D.N.Y. Feb. 6, 2023).............................................................................1

*Morris v. SolarCity Corp.*,
  No. 15-CV-05107-RS, 2016 WL 1359378 (N.D. Cal. Apr. 6, 2016)........................................2

*Perrong v. DVD II Group*,
  No. 23-cv-361, 2023 U.S. Dist. LEXIS 76886 (E.D. Pa. May 3, 2023)....................................5

**Statutes**

47 U.S.C. § 227(c)(5)..................................................................................................................4, 7

**I.     INTRODUCTION**

Rather than amending the allegations to comply with the Rules, Plaintiff filed an Opposition that ignores the fundamental question raised in Defendant's Motion to Dismiss—that is, what steps did Defendant allegedly take to initiate or physically place the telephone calls at issue? The Opposition doubles down and proclaims that the facts are "clear." (Opp. at PageID #179–181, 187–88, 194.) That is not enough; Plaintiff has not met his burden.

The Opposition fails to engage squarely with the pleading standard requiring a plaintiff to allege that the defendant took actual steps to <u>initiate</u> or "<u>physically place</u> a telephone call." *Bank v. Pro Custom Solar LLC*, No. 1:17-cv-00613-LDH-JO, 2020 WL 5242269, at *2 (E.D.N.Y. Mar. 31, 2020) (citations omitted). Plaintiff has not addressed how ***calls by individuals who allegedly explicitly identified themselves as from Legal Helpers and Medical Health Department***, prove direct liability as to ***Prime, an entity that was never mentioned during a single call***.

For the reasons set forth below, the First Amended Complaint ("FAC") should be dismissed with prejudice.

**II.    ARGUMENT**

    **A.     The Opposition's authorities to support direct liability are inapposite because Prime was never named on any call.[1]**

The Opposition is an extension of the FAC: a flawed conflation of conclusions as though they were plausible fact. Prime's Motion discusses this District's authorities dismissing bald conclusions of liability. (Memo at 8–9) (citing cases).[2]

---

[1] As an initial matter, Plaintiff contends that the Court must accept the FAC allegations "as true." (Opp. at 2–3, 13) But this Court is not bound to accept as true *any* speculative assertions, conclusions, beliefs, and/or conjecture about liability. (*See* Memo at 6–7 (citing cases).)

[2] The Opposition purports to distinguish *Metzler v. Pure Energy USA LLC*, that there "a voicemail [ ] did not even name the Defendant." (Opp. at 12.) No. 21-CV-9798 (VEC), 2023 WL 1779631, at *5 (S.D.N.Y. Feb. 6, 2023)). But that is the exact hurdle Plaintiff cannot clear. Here, the FAC never alleges that Prime was identified on any call Plaintiff received.

1

Nowhere does Plaintiff allege that any purported "caller"—DeAndre or Tiffany—ever identified Prime as their employer. The FAC only alleges that the first call Plaintiff received in August 2023, came from DeAndre *who identified Legal Helpers* as the entity on whose behalf the call was placed. (FAC ¶ 24; Opp. at PageID #184.) Next, Plaintiff claims that at least 69 of the 100 calls came from Tiffany who *identified Medical Health Department*. (FAC ¶¶ 26, 31.) The remaining calls appear to have come from DeAndre (FAC ¶¶ 24, 26–28), with the exception of one "voice call" Plaintiff contends came from Christopher Garcia ("Garcia"). (FAC ¶ 39.) The FAC never alleges that during *any call*, the caller used a phone number belonging to Prime or even said the word "Prime." (*See* FAC ¶ 22–48.)

The Opposition further dooms Plaintiff's claim by citing cases—in which Defendants were explicitly identified—in stark contrast to the facts here. (Opp. at PageID #182–83, citing *Morris v. SolarCity Corp.*, No. 15-CV-05107-RS, 2016 WL 1359378, at *1 (N.D. Cal. Apr. 6, 2016) (caller "identified himself as a representative of SolarCity"), *Bank v. CreditGuard of Am.*, No. 18-cv-1311-PKC-RLM, 2019 WL 1316966, at *9 (E.D.N.Y. Mar. 22, 2019) (confirmation that the caller was "someone with [defendant]")); *see also Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 282–83 (S.D.N.Y. 2024) ("BLC directly initiated" the call, and a playback message identified defendant. More, "Bottom Line Capital is a pseudonym of BLC," thus drawing "the reasonable inference" of liability.)

Here, however, the only time Plaintiff alleges Prime was mentioned was after he initiated a call to Garcia. (*See* FAC ¶¶ 33–39.) No facts show that Legal Helpers and Medical Health Department are pseudonyms for Prime. Plaintiff does not so much as allege that the 954-800-2991 number belonged to Prime or dialed him (it did not). (FAC ¶¶ 33–37.)

2

This Court has rejected a finding of direct liability under nearly identical facts—(here, that fictitious entities and spoofed phone numbers were used to call Plaintiff, and he obtained from Tiffany a different telephone number (FAC ¶¶ 22, 31–33); in *Bank*, that fabricated phone numbers were used and plaintiff obtained a *different* number for defendant). Indeed, this Court held:

> There are no allegations in the Amended Complaint that the prerecorded call disclosed either the name or address of GoHealth [ ]. Unlike the circumstances in *Pro Custom Solar*, where the caller [ ] confirmed that the call was to promote defendant's services, **here plaintiff does not allege that anyone at any time confirmed that the Call was initiated by or made on behalf of** GoHealth. The Complaint does not allege that [anyone] claimed to be calling on behalf of GoHealth.

*Bank v. GoHealth, LLC*, No. 19CV5459MKBCLP, 2021 WL 2323282, at *11 (E.D.N.Y. Mar. 8, 2021) (emphasis added). Likewise, the FAC does not allege that (1) a representative confirmed the calls were to promote Prime's business, or (2) the original call by DeAndre had any evident connection to Prime.

Plaintiff unsurprisingly provides no rebuttal to the fact that the FAC says nothing of Plaintiff being contacted by, or speaking with, Prime prior to the call he initiated around January 10, 2024 (except for his bald insistence the other callers were Prime). Hence, but for him calling, Plaintiff may never have received a follow-up[3] email from cgarcia@primemarketingsource.com. Moreover, the Opposition argues that Prime cannot present "any decision holding as inadequate the allegation of direct liability information obtained as a result of a callback." (Opp. at PageID #185.) But, despite Plaintiff placing the *only* call resulting in the email, that action sheds no light on how Tiffany and DeAndre are deemed inextricably one and the same employees of Prime. Even

---

[3] Plaintiff argues that Garcia had "the same information that Plaintiff provided on the initial call". (Opp. at PageID #183.) Plaintiff says nothing of the details of his call with Garcia, (e.g., information Plaintiff may have voluntarily shared, or what else may have been discussed) to prompt a follow-up email and further contact. *Aaronson,* 2019 WL 8953349, at *2 ("The Complaint is devoid of facts such as how ***the caller*** identified itself, ***the substance of the calls***, or any other details from the telephone calls that would tend to identify defendant ***as the party that actually, physically*** *initiated* the calls) (emphasis added). (*See* FAC ¶¶ 32-33.)

3

so, Plaintiff seeks recovery pursuant to 47 U.S.C. § 227(c)(5), which <u>requires the plaintiff to have received calls, not to have been the party placing the calls,</u> as he did here.

> **B. Plaintiff's attempt to impute direct liability based solely on the alleged use of similar telephone numbers fails to meet the plausibility threshold.**

The lone fact marshalled in the Complaint, that "calls made to plaintiff was from [one of defendant's]" numbers" is insufficient and conclusory. (Memo at 11–12) (quoting *Aaronson v. CHW Grp., Inc.*, No. 1:18-CV-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019)).

Plaintiff's Opposition restates that because Garcia and DeAndre "both texted the Plaintiff from the same telephone number," it is more likely "that Defendant Prime Marketing maintains several shared telephone numbers from which its employees can text potential customers." (Opp. at PageID #183–84.) Plaintiff also adds that while Garcia and DeAndre appear to have access "to the same 210-405-**8263**" number, both DeAndre and Tiffany separately "have access to the 615-219-**6257** number." (*Id*. at 180.) These assertions are speculative.

The Opposition does not explain what facts connect Tiffany to Garcia. The FAC and Opposition do not expressly allege that Tiffany used the -8263 number. (*See* FAC ¶¶ 28, 36–40.) And it is just as unclear what allegation demonstrates that DeAndre ever accessed the -6257 number. The best Plaintiff musters is alleging that "both numbers sent Plaintiff a "LawMetrics link". (Opp. at PageID #180.) Yet, Plaintiff contends only that Garcia sent him a text message with an upload link (FAC ¶¶ 36–38), and that around January 17, 2024, Tiffany texted from a different number "asking the Plaintiff to fill out" the link. (*Id.* ¶ 39.) Despite Plaintiff's distorted analysis of *Fridline v. Int. Media, Inc*. (Opp. at PageID #186), the FAC does not allege that the link revealed *any* website information identifying Prime. Tiffany's request that Plaintiff fill out online information is also no indication of Prime's involvement. Truly, if Plaintiff received over 100 calls, he would have more factual information than the story-like assertion that at different intervals, on

4

certain days or months apart, he received a handful of text messages. *See Frank v. Cannabis & Glass, LLC,* No. 2:19-CV-00250-SAB, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019) ("There are no allegations that [defendant] exercised any discernible involvement in deciding whether, when, or to whom the text message is sent, or what the text message said.")

Finally, Plaintiff cannot proclaim it is "clear" that Prime was involved in the alleged calls while simultaneously requesting to open "discovery ***to test the contention*** that Prime Marketing sent the calls." (Opp. at PageID #187, 190) (emphasis added); *see Hurley v. Messer*, No. CV 3:16-9949, 2018 WL 4854082, at *3 (S.D.W. Va. Oct. 4, 2018) ("realizing her claims [ ] stand on shaky grounds, Plaintiff asks this Court to allow her to conduct discovery on those claims if the Court finds her pleadings insufficient. However, allowing discovery where Plaintiff has failed to allege a plausible claim would be directly contrary to the mandates of *Iqbal* and *Twombly*.").

### C. Plaintiff cannot escape the blatant contradictions between the Complaint and the FAC and he <u>continues</u> to interject unpled facts in his opposition to the prejudice of Prime.

Regrettably, Plaintiff's counsel has previously been found to have engaged in "gamesmanship of the lowest order." *See Perrong v. DVD II Group*, No. 23-cv-361, 2023 U.S. Dist. LEXIS 76886, *6 (E.D. Pa. May 3, 2023) (order to show cause why sanctions should not be imposed); *see also Cunningham v. Wallace & Graham PA et al.*, No. 1:24-cv-00221, Order (M.D.N.C. April 23, 2025) (noting that Mr. Perrong "surely must have understood" he had "no legitimate basis" for filing a brief); *Cunningham v. Vivint, Inc.*, No. 2:19-cv-00568, 2022 U.S. Dist. LEXIS 113573, *21 (D. Utah June 23, 2022) (finding his conduct "frivolous"). This is another one of those times.

Plaintiff tries to sweep away the pleading contradictions by claiming he changed his allegations after looking over the Complaint with a "fresh set of eyes." (Opp. at PageID #193.) But that is not believable or excusable. Plaintiff has had all the facts necessary to bring this action since

5

January 2024. (FAC ¶ 42.) This action was brought nine months later. (Dkt. 1). Yet, Plaintiff asks this Court to excuse his clearly rushed FAC with new and contradicting allegations that never saw the light in the original pleading. The Court has not and should not allow this tactic to prevail.

If the facts were truly as "clear" as Plaintiff now pretends, they were readily apparent to him leading up to filing suit. And such "clear" facts would not necessitate his convoluted Exhibit A.[4]

It is also perplexing that Plaintiff asks the Court to believe, he needed to "further develop" the fact that DeAndre (presumably a male caller) placed the first call in August of 2023, not Tiffany (presumably a female caller) in September of 2023. (*See* Dkt. 1 ¶ 19; FAC ¶ 24.) Or that both callers identified themselves as on behalf of different entities. (*Id.*) Or his original allegation that every call was placed by Tiffany, as compared to his later allegation that DeAndre placed a portion of the calls. (Memo at 14.) Or his original allegation that after dialing Garcia, Plaintiff "uncovered" that Prime placed the calls, as opposed to the slew of different facts he now claims led to his "discovery." (FAC ¶¶ 39, 40, 42.) Nothing about a "fresh set of eyes" explains these contradictions. The assertion that "the original complaint in this matter ***was filed before a second look at the Plaintiff's evidence***" (Opp. at PageID #193), reveals a troubling level of wastefulness in seeking judicial resources without proper preparation, or worse, mere disregard for the prejudicial effects of such an approach to litigation. Either way, the Court cannot ignore it:

> MR. KRUEGER: … but there is case law supporting the notion that if a plaintiff amends the complaint -- for the purposes of avoiding an adverse ruling, that the Court can still look at the earlier contradictory allegations.
>
> THE COURT: I agree.

(Dkt. 32, Tr. of Civil Cause for Pre-Motion Conf., 3:12-19, April 3, 2025); (Memo at 14–15).

---

[4] Ironically, Plaintiff's Exhibit A makes it look even more likely that his claim is grounded upon vicarious liability rather than direct liability given the differentiation between the different entities.

6

Days after this Court noted that "Plaintiff's theory of vicarious liability will likely fail" (Text Order, 02/07/2025), Plaintiff claimed this was instead a "clear" case of direct liability. The Opposition also continues the trend of unpled allegations, including that all callers (not just Garcia) sent Plaintiff the same link (*compare* Opp. at PageID #180, 184, *with* FAC ¶ 38), and that he provided DeAndre with "unique information" on the <u>initial call</u>. (Opp. at PageID #184, 193; Dkt. 35, Ex. A.) This omission is concerning because Plaintiff cannot state a TCPA claim unless he receives more than one unsolicited call. 47 U.S.C. § 227(c)(5). Yet, if it is true that Plaintiff provided DeAndre with "unique information" to start processing, then other callers were merely following up and his claim fails overall, raising the question of why he even filed suit in the first place. *See, e.g.*, *Dobronski v. Total Ins. Brokers, LLC*, No. 21-cv-10035, 2021 U.S. Dist. LEXIS 186528 (E.D. Mich. Sept. 29, 2021) (rejecting the use of "canary trap" tactics "designed to encourage the second call").

## III.   CONCLUSION

For reasons set forth above, Defendant moves this Court to enter an Order dismissing the First Amended Complaint for failure to state a claim.

7

Dated: June 16, 2025

Respectfully submitted,

*/s/ David M. Krueger*
David M. Krueger (0085072) (*Pro Hac Vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: dkrueger@beneschlaw.com

Laura E. Kogan (0087453) (*Pro Hac Vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: lkogan@beneschlaw.com

*Attorneys for Defendant Charles Baratta, LLC, d/b/a Prime Marketing Source*

## CERTIFICATE OF SERVICE

The foregoing document was electronically filed on June 16, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ David M. Krueger*
David M. Krueger (0085072) (*Pro Hac Vice*)

Pursuant to Local Civil Rule 7.1(c), this document complies with the word-count limitations required by the United States District Court for the Eastern District of New York. This memorandum contains 2,085 words.