IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MATTHEW VANDERSLOOT,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**CHARLES BARATTA LLC D/B/A PRIME MARKETING**<br><br>*Defendant.* | Case No. 24-cv-7096<br><br>Judge: Magistrate James M. Wicks |

## PROPOSED SCHEDULING ORDER

In accordance with the Court's July 9 order (ECF No. 38) vacating the stay of discovery in this matter, Plaintiff Matthew Vandersloot ("Plaintiff") and Defendant Charles Baratta LLC d/b/a Prime Marketing Source ("Defendant" or "Prime") (collectively, the "Parties"), propose two competing schedules as to general case discovery and as Defendant intends to seek bifurcation on the issue of whether Defendant placed the at issue calls, which the Plaintiff opposes. The Parties below outline their respective positions on bifurcation:

Plaintiff's Position:

The basis for the Defendant's request to focus on discovery as to whether it placed the calls at issue rests on the fundamentally flawed premise that the question will be more easily answered on an individualized, as opposed to a classwide, basis. It will not. As such, there is no basis to bifurcate based on who placed the calls at issue because there is no indication that the Defendant's marketing and telecommunications strategy operated in a materially different way with respect to other class members as opposed to the Plaintiff. As such, the questions and evidence surrounding whether the Defendant placed the calls at issue and the details as to the marketing strategy at issue,

1

including the respective employment of Christopher, DeAndre, and Tiffany, will apply as equally to all other class members as the Plaintiff. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst."). As another federal court held earlier this year when denying a motion to bifurcate discovery in a TCPA case: "[b]ecause individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025).

Indeed, as another Court in Texas held recently while rejecting a substantially similar bifurcation request from a TCPA defendant highlighting the signification overlap between merits and class certification discovery in a TCPA case while providing an overview of relevant case law, noting that bifurcation is often contrary to judicial economy and promotes needless discovery disputes:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).
>
> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves

considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). This Court should hold the same.

3

Defendant's Position:

Plaintiff asserts Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") claims under a sole direct liability theory. [Dkt. 31]. Thus, Defendant intends to pursue a motion for bifurcation of discovery. Although Plaintiff cites a myriad of out-of-circuit authorities above, to oppose bifurcation, this Court has already ruled on the issue in a TCPA case well known to Plaintiff's counsel. In *Harris v. Shore Funding Sols. Inc.*, this Court held that the defendant established good cause to bifurcate for limited discovery related to Plaintiff's individual claim—specifically the issue of whether defendant made a call to the plaintiff on a certain date at a certain phone number. No. 23CV00789JMAJMW, 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (Wicks, J.). That is precisely the identical threshold issue in this case: whether Prime directly called Plaintiff at his (208) XXX-XXXX telephone number on approximately 100 occasions. (See Dkt. 28, Am. Compl.)

> Considering all the above, limiting discovery for a certain period ***as to whether Defendant in fact even called Plaintiff at that number would be efficient and avoids costly and potentially unnecessary class discovery in this matter.***

*Harris*, 2023 WL 3440077, at *2–3 ("Good cause may exist where the resolution of a single issue may resolve the case and render trial on the other issues unnecessary.") (Internal quotations omitted).

**Critically**, the specific facts of this case also support bifurcation. Specifically, as this Court is aware, Plaintiff has intentionally eschewed pursuing any theory of vicarious liability and has made the choice to proceed solely with a theory of direct liability that Defendant called him. To this end, individual discovery will be swift and efficient to resolve this threshold issue. Plaintiff has already acknowledged that if Defendant did not call him, "it's game over." (See Tr. of Civil Cause for Pre-Motion Conf., 11:12-19, April 3, 2025); (Dkt. 32.)

4

There is no substantial "overlap" between this issue as to Plaintiff individually and the putative class. If discovery confirms that Defendant did not make a telephone solicitation call to Plaintiff, the case is over. And if discovery instead shows that Defendant did make a telephone solicitation call to Plaintiff, then the case may proceed. This is a simple and straightforward issue, will not require lengthy discovery, and it is the exact type of circumstance meriting bifurcation of individual and putative class discovery.

Should the Court require further and immediate briefing on the parties' respective positions as to bifurcation, Defendant is willing to submit a more fulsome response pending its forthcoming motion for bifurcation of discovery. With respect to the parties' scheduling order, Plaintiff and Defendant propose the following:

## **PROPOSALS**

*With Bifurcation (Defendant Proposal)*

Close of Individual Discovery – October 20, 2025
Dispositive Motions as to Plaintiff's Individual Claim – October 27, 2025
Responses to Dispositive Motion on Plaintiff's Individual Claim – November 24, 2025
Replies in Support of Dispositive Motions on Plaintiff's Individual Claim – December 8, 2025.
If dispositive motions are denied, parties will submit supplemental scheduling order proposal regarding class discovery within 14 days of Court's order.

*With Bifurcation (Plaintiff Proposal)*
Plaintiff may also seek to have an expert as to the merits of the individual claims in accordance with the above proposal, which does not take into account the expert discovery Plaintiff may issue. Such expert may provide a report as to such matters as Caller ID Spoofing. As such Plaintiff proposes an alternative proposed bifurcation schedule as follows:

Close of Discovery – October 20, 2025
Deadline for Expert Disclosures – October 20, 2025
Deadline for Expert Reports – November 24, 2025
Deadline for Rebuttal Expert Reports – December 29, 2025
First Round of Dispositive Motions – January 26, 2026
Responses to First Round of Dispositive Motions – March 2, 2026

*Without Bifurcation (Plaintiff Proposal)*

Close of Discovery – January 19, 2026
Deadline for Expert Disclosures – January 19, 2026
Deadline for Expert Reports – February 23, 2026
Deadline for Rebuttal Expert Reports – March 23, 2026
Dispositive Motions, including Motions for Class Certification – April 27, 2026
Responses to Dispositive Motions – May 25, 2026


RESPECTFULLY SUBMITTED AND DATED this July 23, 2025.

>  */s/ Andrew Roman Perrong*
>  Andrew Roman Perrong, Esq.
>  Perrong Law LLC
>  2657 Mount Carmel Avenue
>  Glenside, Pennsylvania 19038
>  Phone: 215-225-5529 (CALL-LAW)
>  Facsimile: 888-329-0305
>  a@perronglaw.com
>
>  *Attorney for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: July 23, 2025.

>  */s/ Andrew Roman Perrong*
>  Andrew Roman Perrong, Esq.