**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

MATTHEW VANDERSLOOT, individually
and on behalf of all others similarly situated,

      Plaintiff,

v.

CHARLES BARATTA LLC D/B/A PRIME
MARKETING,

      Defendant.

Case No. 2:24-cv-07096-JMW

JUDGE: Honorable James M. Wicks

**MEMORANDUM IN SUPPORT OF DEFENDANT
<u>CHARLES BARATTA LLC'S MOTION TO BIFURCATE DISCOVERY</u>**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     PROCEDURAL AND FACTUAL BACKGROUND......................................................... 1

III.    ARGUMENT ............................................................................................................ 3

       A.      Legal Standard. ............................................................................................ 3

       B.      Bifurcation is a necessary first step. ..................................................... 3

              1.      The parties should resolve first the threshold matter of
                        Prime's contested involvement in making the Subject Calls...................... 3

              2.      Bifurcation will promote judicial economy and
                        convenience, and there will be no prejudice if Phase I
                        discovery is limited. ..................................................................................... 5

IV.     CONCLUSION......................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akselrod v. MarketPro Homebuyers LLC*,
    No. CV CCB-20-2966, 2021 WL 100666 (D. Md. Jan. 12, 2021)...........................................6

*Amato v. City of Saratoga Springs*,
    170 F.3d 311 (2d Cir. 1999).................................................................................................3, 5

*Babare v. Sigue Corp.*,
    No. C20-0894, 2020 WL 8617424 (W.D. Wash. Sept. 30, 2020)............................................7

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*,
    No. CIV. 11-00011, 2013 WL 663301 (D.N.J. Feb. 21, 2013) ................................................7

*Charvat v. Plymouth Rock Energy, LLC*,
    No. 15CV4106JMASIL, 2016 WL 207677 (E.D.N.Y. Jan. 12, 2016)....................................3

*Cunningham v. Big Think Cap. Inc.*,
    No. 21CV02162DRHJMW, 2021 WL 4407749 (E.D.N.Y. Sept. 27, 2021)...........................5

*EM Ltd. v. Republic of Argentina*,
    695 F.3d 201 (2d Cir. 2012)....................................................................................................3

*Grady v. Affiliated Cent., Inc.,*
    130 F.3d 553, 561 (2d Cir. 1997)............................................................................................8

*Hall-Landers v. New York Univ.*,
    No. 20CIV3250GBDSLC, 2023 WL 8113243 (S.D.N.Y. Nov. 22, 2023) .............................3

*Harris v. Shore Funding Sols. Inc.*,
    No. 23CV00789-JMA-JMW, 2023 WL 3440077 (E.D.N.Y. Apr. 21, 2023) ..............5, 6, 7, 8

*Kemen v. Cincinnati Bell Tel. Co. LLC*,
    No. 1:22-CV-152, 2024 WL 3633333 (S.D. Ohio Aug. 2, 2024) ...........................................7

*Leschinsky v. Inter-Cont'l Hotels Corp.*,
    No. 8:15-CV-1470-T-30MAP, 2015 WL 6150888 (M.D. Fla. Oct. 15, 2015) .......................6

*Morse/Diesel, Inc. v. Fid. & Deposit Co. of Maryland*,
    763 F. Supp. 28 (S.D.N.Y.).....................................................................................................5

*Osidi v. Assurance IQ, LLC*,
    No. 21-CV-11320-ADB, 2022 WL 623733 (D. Mass. Mar. 3, 2022).....................................7

*Pavelka v. Paul Moss Ins. Agency, LLC*,
    No. 1:22 CV 02226, 2023 WL 3728199 (N.D. Ohio May 30, 2023) .......................................6

*Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*,
    No. CIV.A. 12-2132 FLW, 2014 WL 413534 (D.N.J. Feb. 4, 2014) ...............................5, 6, 7

*Simon v. Philip Morris Inc.*,
    200 F.R.D. 21 (E.D.N.Y. 2001) .................................................................................5

*Tabor v. New York City*,
    No. 11 CV 0195 FB, 2012 WL 603561 (E.D.N.Y. Feb. 23, 2012) ...........................................4

*Zahedi v. Miramax, LLC*,
    No. CV 20-4512-DMG (EX), 2021 WL 3260603 (C.D. Cal. Mar. 24, 2021) .........................6

**Statutes**

Telephone Consumer Protection Act, 47 U.S.C. § 227 ........................................ *passim*

**Other Authorities**

47 C.F.R. 64.1200(c)..................................................................................................3

Federal Rule of Civil Procedure 42(b)...................................................................1, 3, 5

## I.    INTRODUCTION

This case lives or dies by one threshold issue: whether Prime placed the telephone calls to Plaintiff that he contends violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff speculates "yes." Prime says "no."

As this Court is aware, Plaintiff's TCPA claim is atypical in that Plaintiff does *not* allege that any third party made the calls at issue and does not seek to hold Prime liable for any third-party calls. Instead, Plaintiff intentionally elected to proceed *solely* under the theory that Prime itself placed the calls ("Subject Calls") to him.  If it did not, the case is over: as such, the Court should limit initial discovery to this threshold issue before the parties engage in wide-ranging and expensive discovery in this putative class action.

Prime now requests that this Court bifurcate and limit initial discovery to the baseline issue of whether Prime indeed placed the Subject Calls. Every element courts consider under Federal Rule of Civil Procedure 42(b) permits discovery bifurcation here. The Court should enter an Order granting this Motion and the Parties should proceed based on Prime's previously filed proposal (Dkt. 39 at 5).

## II.    PROCEDURAL AND FACTUAL BACKGROUND

On October 8, 2024, Plaintiff filed a class action complaint against Prime, alleging TCPA violations for "approximately one hundred calls" placed to his residential telephone number without his written consent. (Dkt. 1.) On November 25, 2024, Prime sought leave to file a motion to dismiss the complaint. (Dkt. 11) (observing that the complaint failed to allege either direct or vicarious liability under the Act). In response to the first motion to dismiss (Dkt. 25–26), Plaintiff opted to file an amended complaint rather than respond. (Dkt. 28.)

In the Amended Complaint ("Complaint"), Plaintiff alleged that individuals named DeAndre and Tiffany made telephone solicitations to Plaintiff while "employed [by] Defendant

Prime Marketing Source.") (*See* Dkt. 28 ¶¶ 24, 26–28, 30–32, 46.) Plaintiff alleges that he obtained and dialed a phone number (954-800-2991) purportedly owned by Prime, and spoke with an employee named Christopher Garcia. (*Id*. at ¶ 33–34.) He contends that Prime used different telephone numbers to reach Plaintiff, including: 208-681-7762, 208-900-6666, 615-653-4187, 210-405-8263, 872-760-0218, 872-760-0759, 713-357-5174, 615-219-6257, 210-405-8263, 713-405-3514. (Dkt. 28 ¶¶ 24, 26–28, 30–32.) Plaintiff insists that "all [Subject Calls] were placed directly by Defendant Prime Marketing Source." (*Id*. at ¶ 23.)

Prime filed its second request for leave to file a motion to dismiss the Complaint. (Dkt. 29.) It subsequently filed the motion to dismiss. (Dkt. 33–34) (stating that Plaintiff did not plausibly allege facts sufficient to raise the inference that Prime initiated the calls.) This Court held that Plaintiff plausibly pled direct liability to justify discovery. (Dkt. 38.) While briefing Prime's motion and at oral argument, the Parties were solely concerned with the primary issue of direct liability—meaning, facts showing that Prime itself placed the Subject Calls. (*See, e.g.,* Dkt. 31, 04/03/2025) (Court's Order stating that "the current Amended Complaint only claims of direct liability . . . and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.").)

Despite the Complaint's sole focus on direct liability, on July 12, 2025, Plaintiff served discovery requests upon Prime, seeking answers, responses, and documents regarding the Subject Calls on the basis of direct *and* vicarious liability. Although no such theory is alleged in the Complaint, Plaintiff's requests partly pertain to vendor and/or third-party involvement. To date, the Parties have mostly sought to address whether Prime did or did not call Plaintiff directly.

### III.    ARGUMENT

**A.    Legal Standard.**

Good cause exists to bifurcate discovery when (i) resolution of a single issue may resolve the entire case and render trial on the other remaining issues unnecessary, or (ii) when a narrow, potentially dispositive issue that is distinct from class issues has the potential to render the named plaintiff's claims non-actionable. *Hall-Landers v. New York Univ.,* No. 20CIV3250GBDSLC, 2023 WL 8113243, at *3 (S.D.N.Y. Nov. 22, 2023); *Charvat v. Plymouth Rock Energy, LLC,* No. 15CV4106JMASIL, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016) ("[t]his reasoning applies in the TCPA context").

Of course, the district court has broad discretion to manage the discovery process. *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012). In so doing, the Second Circuit has recognized that for purposes of bifurcation, Federal Rule of Civil Procedure 42(b) permits a district court, "[f]or convenience, to avoid prejudice, or to expedite and economize," to order a separate trial of one or more separate issues or claims. *Hall-Landers*, 2023 WL 8113243, at *3. Accordingly, "where, for example, the litigation of the first issue might eliminate the need to litigate the second issue," bifurcation is appropriate. *Id*. (quoting *Amato v. City of Saratoga Springs,* 170 F.3d 311, 316 (2d Cir. 1999).)

**B.    Bifurcation is a necessary first step.**

**1.    *The parties should resolve first the threshold matter of Prime's contested involvement in making the Subject Calls.***

Plaintiff's direct liability theory is central to his individual claim. He seeks to hold Prime liable under 47 U.S.C. § 227 and 47 C.F.R. 64.1200(c) based on the purported receipt of approximately 100 calls to his telephone. Initial discovery should focus solely on whether Prime

placed the Subject Calls or not, because if Prime did not call, Plaintiff's claim may be resolved summarily.

Given Prime's strong belief that it never called Plaintiff, the Court should order bifurcation to prove or disprove the contention that would dispose of his individual claim. *See Tabor v. New York City,* No. 11 CV 0195 FB, 2012 WL 603561, at *10 (E.D.N.Y. Feb. 23, 2012) ("[b]furcation is appropriate when the resolution of a single issue may resolve the case and render trial on the other issue unnecessary.") This Court should limit discovery such that the Parties can investigate and assess whether the evidence of Prime's non-involvement would support summary judgment. From the supposed 100 calls he received, Plaintiff claims that multiple individuals, including DeAndre and Tiffany (neither of whom ever identified themselves as Prime's employees), contacted Plaintiff without his consent. (*See Supra,* "Procedural and Factual Background".) He also contends that Prime called from various telephone numbers, such as 208-681-7762, 208-900-6666, 615-653-4187, 210-405-8263, 872-760-0218, 872-760-0759, 713-357-5174, 615-219-6257, 210-405-8263, 713-405-3514. (*Id.*) Although this Court held that Plaintiff's Complaint was plausibly sufficient, Prime seeks the opportunity to evaluate his supporting evidence. Prime intends to serve upon Plaintiff discovery requests that cut to the core issues that might decide the case at this time:

- Whether Prime actually called Plaintiff at the (208) XXX-XXXX phone number;

- If so, whether Plaintiff independently owns the (208) XXX-XXXX phone number, for residential use;

- Whether Prime actually called Plaintiff on the following dates: August 30, 2023; September 4, 2023; September 18, 2023, September 20, 2024; September 27, 2023; November 16, 2023; January 10, 2024; January 17, 2024; January 18, 2024;

- Whether Prime owns the phone numbers identified in the Complaint.

4

Merits discovery is an appropriate next step that this Court should allow. *See Cunningham v. Big Think Cap. Inc*., No. 21CV02162DRHJMW, 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021) (also stating that bifurcation is proper when "a narrow, potentially dispositive issue" has the potential to render the plaintiff's TCPA claim baseless) (quoting *Physicians Healthsource, Inc. v. Janssen Pharms., Inc*., No. CIV.A. 12-2132 FLW, 2014 WL 413534, at *2 (D.N.J. Feb. 4, 2014).

This approach will allow the Parties to mutually gather telephone logs evidencing the purported calls, confirm Plaintiff's ownership of the (208) XXX-XXXX telephone number, show alleged text messages and/or emails that were exchanged, any relevant phone recordings of the Subject Calls, and verify through carrier data the origin of said calls. This is the kind of case in which bifurcation is "most frequently ordered" —one in which "the resolution of one claim or issue may obviate the need for trial of other, more complicated issues." *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Maryland*, 763 F. Supp. 28, 35 (S.D.N.Y.) (citations omitted).

### 2. *Bifurcation will promote judicial economy and convenience, and there will be no prejudice if Phase I discovery is limited.*

The Second Circuit and this Court agree that bifurcation should be considered when it will (1) further convenience, (2) avoid prejudice, or (3) reduce waste and create expeditiousness. *See* Fed. R. Civ. P. 42(b); *Amato*, 170 F.3d at 316; *Simon v. Philip Morris Inc*., 200 F.R.D. 21, 27 (E.D.N.Y. 2001) (identifying the three allowable grounds for bifurcation and stating that "the presence of any one is sufficient to sustain such an order.") In phase I, nothing will better promote the principles of convenience, expedition and economy than prioritizing Plaintiff's individual claim first. This Court and other circuits agree.

First, the facts in this case are nearly identical to when this Court granted bifurcation. *See Harris v. Shore Funding Sols. Inc.,* No. 23CV00789-JMA-JMW, 2023 WL 3440077 (E.D.N.Y. Apr. 21, 2023). In *Harris*, the plaintiff pursued a TCPA class action against the defendant, alleging

5

that the defendant made an unsolicited pre-recorded telemarketing call to her phone number. *Id*. at *1. There the plaintiff spoke to an individual who identified themselves as an employee of the defendant, promoted its business, and sent her a follow-up email. *Id*.

The defendant filed a motion for bifurcation to limit discovery as to (1) whether the plaintiff received the at issue phone call on the date alleged, and (2) whether she owned the phone number in question. *Id*. at *3. The defendant argued that bifurcation was warranted to "explore the threshold issue[s]." *Id*. at *2–3. Ruling in the defendant's favor, this Court held that "limiting discovery for a certain period as to **whether Defendant in fact even called Plaintiff at that number** would be efficient and avoids costly and potentially unnecessary class discovery in this matter." *Id*. at *3 (emphasis added) (Wicks, J.) This Court found that the defendant had established good cause for limiting discovery related to plaintiff's individual claim. This is exactly the same issue for which Prime seeks bifurcation, and the same result should prevail here.[1]

As this Court recognized in *Harris*, the limited discovery would not overlap with and is distinct from class issues. *Id*. at *3 (noting that "Defendant's proposed discovery would involve Plaintiff's cellphone records, Defendant's call records [ ], and other categories that do not specifically relate to the larger proposed class of individuals"). The practical value and savings created by such a focus are obvious, and this case is essentially identical to *Harris* as "this is not an instance where the proposed limited discovery 'overlaps substantially' with class discovery." *Id*. at *4 (citations omitted). Here, bifurcation will not "result in duplication of efforts and needless

---

[1] *See also Zahedi v. Miramax, LLC*, No. CV 20-4512-DMG (EX), 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021) ("Critically, the entire case may be resolved by answering the question of whether Miramax or Zahedi owns the Photograph at issue"); *Pavelka v. Paul Moss Ins. Agency, LLC*, No. 1:22 CV 02226, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023) ("In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery") (citing *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (bifurcating discovery in TCPA case). See . *Leschinsky v. Inter-Cont'l Hotels Corp*., No. 8:15-CV-1470-T-30MAP, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) bifurcating discovery in TCPA context); *Physicians Healthsource, Inc.*, 2014 WL 413534, at *6 (same).

line-drawing disputes." *Id*. Instead of undertaking the arduous processes that class discovery invokes, only to have the case resolved on much simpler grounds, "[Prime] intends to initiate dispositive motion practice following discovery as to whether Plaintiff received a phone call from Defendant." *Id*. This Court should find as it has before that the initial resolution of this "narrow, potentially dispositive issue" can render Plaintiff's TCPA claim resolved altogether. *Id*.

Second, class discovery is especially costly. *See Harris,* 2023 WL 3440077, at *4 (citing *Physicians Healthsource, Inc.*, 2014 WL 413534, at *4) (bifurcation "has the potential to save the parties from the costs resulting from class action discovery, which can involve 'hefty litigation expenses and an extensive use of judicial resources'.") Other circuits are in accord. *See Kemen v. Cincinnati Bell Tel. Co. LLC,* No. 1:22-CV-152, 2024 WL 3633333, at *2 (S.D. Ohio Aug. 2, 2024) (holding that because "[c]lass discovery is expensive and resource intensive … it is reasonable [ ] to test [plaintiff's] personal claims before engaging in extensive class discovery").[2] Thus, to the extent Plaintiff and Prime possess materials that will confirm who actually placed the Subject Calls, such foundational information will bring an early close to the case, will further expedition and economy, and has a strong chance of eliminating expensive and unnecessary class-related discovery.

Third, Plaintiff's own discovery requests support bifurcation. Plaintiff has already served his discovery requests, and a substantial portion of them seek third-party discovery in violation of the Court's Order and an open-court stipulation that excludes vicarious liability claims. (*See Supra,* "Procedural and Factual Background" citing Dkt. 31.) Focusing first on the viability of Plaintiff's

---

[2] *See also Babare v. Sigue Corp.*, No. C20-0894, 2020 WL 8617424, at *2 (W.D. Wash. Sept. 30, 2020) ("It is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens."); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. CIV. 11-00011, 2013 WL 663301, at *5 (D.N.J. Feb. 21, 2013) (noting that a TCPA class action involved "the potential for hefty litigation expenses and an extensive use of judicial resources"); *Osidi v. Assurance IQ, LLC*, No. 21-CV-11320-ADB, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022)(bifurcating discovery, because "the need for class discovery may be eliminated if Defendant is able to demonstrate that the Named Plaintiff lacks viable individual claims").

direct liability claim will effectively foreclose any backdoor attempt to use third-party discovery to circumvent this Court's orders and existing stipulations.

Prime requests a practical approach in this case, one that will help "ensure the 'just, speedy, and inexpensive determination' of the action." *Harris*, 2023 WL 3440077, at \*5. Indeed, it would be prejudicial and costly, both in dollars and in time, for Prime to be forced into the complexities and costs of class discovery, when it can be avoided by first answering the benchmark question: did Prime call Plaintiff, as he alleges, or not? The Court should reject a proposal to expand discovery to encompass other kinds of claims, at least until there is evidence to support the idea that Plaintiff received any call from Prime. If the evidence shows no such call was made, Plaintiff will have no standing and the case will be over.

## IV.    CONCLUSION

For the foregoing reasons, Prime respectfully requests that this Court grant this Motion to Bifurcate Discovery. "The management of discovery lies within the sound discretion of the district court." *Grady v. Affiliated Cent., Inc.,* 130 F.3d 553, 561 (2d Cir. 1997). Threshold discovery to identify the source of the alleged phone calls should precede any discovery regarding the appropriateness of class certification, classwide liability, or damages.

Dated: August 4, 2025

Respectfully submitted,

*/s/ David M. Krueger*
David M. Krueger (0085072) (*Pro Hac Vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: dkrueger@beneschlaw.com

Laura E. Kogan (0087453) (*Pro Hac Vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: lkogan@beneschlaw.com

*Attorneys for Defendant Charles Baratta, LLC, d/b/a Prime Marketing Source*

## <u>CERTIFICATE OF SERVICE</u>

The foregoing document was electronically filed on August 4, 2025. Notice of this filing

will be sent by operation of the Court's electronic filing system to all parties indicated on the

electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ David M. Krueger*
David M. Krueger

Pursuant to Local Civil Rule 7.1(c), this document
complies with the word-count limitations required by
the United States District Court for the Eastern District
of New York. This memorandum contains 2558 words
exclusive of tables of contents and authorities.

10