IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW VANDERSLOOT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BARATTA LLC D/B/A PRIME MARKETING,<br><br>Defendant. | Case No. 2:24-cv-07096-JMW<br><br>Judge: Honorable James M. Wicks |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Charles Baratta LLC, d/b/a Prime Marketing Source, for its Answer and Affirmative Defenses to Plaintiff Matthew Vandersloot's ("Plaintiff") First Amended Complaint (the "Amended Complaint"), states as follows:

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. Prime admits that Plaintiff brings this putative class action regarding the alleged receipt of telemarketing calls in violation of the Telephone Consumer Protection Act ("TCPA"). Prime further admits that the allegations in this paragraph purport out of context assertions regarding the TCPA. Prime denies that there is any factual or legal basis for the claims alleged, the relief sought or for class wide treatment. Prime further denies any allegations that mischaracterize, paraphrase, or misquote the law and respectfully refers this Court to the full text of the TCPA for its actual language. Prime denies all remaining allegations contained in this paragraph.

2. Prime admits that Plaintiff brings this putative class action regarding the alleged receipt of telemarketing calls in violation of the TCPA. Prime further admits that the allegations

1

in this paragraph purport out of context assertions regarding the Act. Prime denies that there is any factual or legal basis for the claims alleged, the relief sought or for class wide treatment. Prime further denies any allegations that mischaracterize, paraphrase, or misquote the law and respectfully refers this Court to the full text of the TCPA, associated regulations, and the cited case law for their actual language. Prime denies all remaining allegations contained in this paragraph.

3. Prime admits that Plaintiff brings this putative class action regarding the alleged receipt of telemarketing calls in violation of the TCPA. Prime further admits that Plaintiff brings this action on behalf of himself and all persons he contends were listed on the National Do Not Call Registry at or around the time of the at issue calls. Prime denies that there is any factual or legal basis for the claims alleged, the relief sought or for class wide treatment. Prime denies all remaining allegations contained in this paragraph.

**PARTIES**

4. Prime admits that Plaintiff is an individual. Prime denies any remaining allegations contained in this paragraph that constitute a legal conclusion to which no answer is required.

5. Prime admits that it conducts business within the State of New York and is a limited liability company registered to do business within the State. Prime denies any remaining allegations contained in this paragraph.

6. Prime admits that Plaintiff's Amended Complaint asserts violations of the TCPA, which may invoke proper jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Prime denies any remaining allegations contained in this paragraph.

7. Prime admits that it has offices and conducts business within the State of New York. Prime denies any remaining allegations contained in this paragraph.

8. Solely for purposes of this action, Prime does not contest venue in the Eastern District of New York. Prime denies any remaining allegations contained in this paragraph.

## BACKGROUND

9. Prime admits that this paragraph purports out of context allegations regarding the TCPA. Prime denies any allegations that mischaracterize, paraphrase, or misquote the law and respectfully refers this Court to the full text of the TCPA for its actual language. Prime denies any remaining allegations contained in this paragraph.

10. Prime admits that this paragraph purports out of context allegations regarding the TCPA. Prime denies any allegations that mischaracterize, paraphrase, or misquote the law and respectfully refers this Court to the full text of the TCPA and associated regulations for their actual language. Prime denies any remaining allegations contained in this paragraph.

11. Prime admits that this paragraph purports out of context allegations regarding the TCPA. Prime denies any allegations that mischaracterize, paraphrase, or misquote the law and respectfully refers this Court to the full text of the TCPA and associated regulations for their actual language. Prime denies any remaining allegations contained in this paragraph.

12. Prime admits that this paragraph purports out of context allegations regarding the TCPA. Prime denies any allegations that mischaracterize, paraphrase, or misquote the law and respectfully refers this Court to the full text of the TCPA and associated regulations for their actual language. Prime denies any remaining allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

13. Prime states this paragraph contains legal conclusions to which no answer is required. To the extent that an answer is required, Prime admits that Plaintiff is a "person" as defined by 47 U.S.C. § 153(39). Prime denies any remaining allegations contained in this paragraph.

14. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same. Prime states that on July 9, 2025, this Court vacated the stay of discovery in this matter. Thus, the parties' discovery is presently ongoing with respect to the allegations in Plaintiff's Amended Complaint. Prime denies any remaining allegations contained in this paragraph.

15. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding whether Plaintiff's (208) XXX-XXXX telephone number is a residential or commercial telephone number. Therefore, Prime denies all allegations contained in this paragraph on that basis.

16. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding how Plaintiff uses the (208) XXX-XXXX telephone number, and whether the number is used for personal, residential, or commercial purposes. Therefore, Prime denies all allegations contained in this paragraph on that basis.

17. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

18. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same. Prime states that on July 9, 2025, this Court vacated the stay of discovery in this matter. Thus, the parties' discovery is presently ongoing with respect to the allegations in Plaintiff's Amended Complaint. Prime denies any remaining allegation contained in this paragraph.

19. Prime denies that the allegations contained in Paragraph 19 accurately characterize the nature of Prime's business. Therefore, Prime denies all allegations contained in this paragraph.

20. Prime denies that the allegations contained in Paragraph 20 accurately characterize the nature of Prime's business. Therefore, Prime denies all allegations contained in this paragraph.

21. Prime denies all allegations contained in this paragraph.

22. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

23. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

24. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

25. Prime denies that it utilizes "fictitious name[s]" to place calls. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore denies the same.

26. Prime denies that it utilizes "'spoofed' caller IDs" to place calls. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore denies the same.

27. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

28. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

29. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

30. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

31. Prime denies that it uses "fictitiously named" entities to place calls. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore denies the same.

32. Prime denies that it employs "law associate[s]" to place calls. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore denies the same.

33. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

34. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

35. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

36. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

37. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

38. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

39. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

40. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

41. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

42. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

43. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

44. Prime denies that "'Legal Helpers' is merely a fake name used by Prime Marketing Source" and denies that Plaintiff's allegations establish Prime's involvement in placing the at issue calls. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore denies the same.

45. Prime denies all allegations contained in this paragraph.

46. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

47. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

48. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

49. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

50. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

51. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same. Answering further, Prime denies any allegations in this paragraph that constitute legal conclusions for which no answer is required.

52. Prime lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

53. Prime denies all allegations contained in this paragraph.

## CLASS ACTION ALLEGATIONS

54. Prime reasserts and restates each of its answers to Paragraphs 1-53 of the First Amended Complaint as though fully set forth herein.

55. Prime admits that Plaintiff brings this putative class action under Federal Rule of Civil Procedure 23. Prime denies that there is any factual or legal basis for the claims alleged, the relief sought or for class wide treatment. Prime denies any remaining allegations contained in this paragraph.

56. Prime denies that there is any factual or legal basis for the relief sought in Plaintiff's Amended Complaint or for class wide treatment. Prime denies all allegations contained in this paragraph.

57. Prime denies that there is any factual or legal basis for the relief sought in Plaintiff's Amended Complaint or for class wide treatment. Prime denies all allegations contained in this paragraph.

58. Prime denies that there is any factual or legal basis for the relief sought in Plaintiff's Amended Complaint or for class wide treatment. Prime denies all allegations contained in this paragraph.

59. Prime denies that there is any factual or legal basis for the relief sought in Plaintiff's Amended Complaint or for class wide treatment. Prime denies all allegations contained in this paragraph.

60.     Prime denies that there is any factual or legal basis for the relief sought in Plaintiff's Amended Complaint or for class wide treatment. Prime denies all allegations contained in this paragraph.

61.     Prime denies all allegations contained in this paragraph.

## COUNT I

62.     Prime reasserts and restates each of its answers to Paragraphs 1-61 of the First Amended Complaint as though fully set forth herein.

63.     Prime admits that this paragraph purports out of context allegations regarding the TCPA. Prime denies any allegations that mischaracterize, paraphrase, or misquote the law and respectfully refers this Court to the full text of the TCPA and associated regulations for their actual language. Prime denies all remaining allegations contained in this paragraph.

64.     Prime denies all allegations contained in this paragraph.

65.     Prime denies all allegations contained in this paragraph.

66.     Prime denies all allegations contained in this paragraph.

67.     Prime denies all allegations contained in this paragraph.

68.     Prime denies all remaining allegations contained in the First Amended Complaint that are not expressly admitted in this Answer, including Plaintiff's "Prayer for Relief" section.

## AFFIRMATIVE DEFENSES

Prime hereby asserts the following Affirmative and other defenses to Plaintiff's First Amended Complaint:

### FIRST DEFENSE
*(Superseding and Intervening Causes)*

The damages alleged by Plaintiff may have been the result of other superseding and/or intervening causes, for which Prime is not responsible.

### SECOND DEFENSE
*(Acts of Third Parties)*

Prime denies that Plaintiff has suffered any alleged damages or injuries due to conduct by Prime, and thus states that the damages alleged in the First Amended Complaint, to the extent any exist, were caused in whole or in part by Plaintiff's own actions and/or the acts or omissions of third parties over whom Prime has neither responsibility nor control.

### THIRD DEFENSE
(*Unclean Hands, Waiver, and Equitable Limitations*)

Plaintiff's claims are barred by the doctrines of unclean hands, estoppel, waiver, failure to mitigate, consent, and other equitable limitations, particularly to the extent Plaintiff intentionally invited the harm for which he now complains, failed to mitigate his damages, and/or contributed to the receipt of the at issue telephone calls.

### FOURTH DEFENSE
(*Prior Express Consent*)

Plaintiff's claims and/or the claims of the putative class members are barred to the extent that prior express consent, prior express written consent, invitation, or permission was given for Prime to take any acts or place any calls alleged in the First Amended Complaint.

## FIFTH DEFENSE
### *(Substantial Compliance & Good Faith)*

Plaintiff's claims are barred as a result of Defendant's substantial compliance with the TCPA. Further, Plaintiff's claims are barred because Prime acted in good faith and had reasonable grounds for reasonably relying upon Plaintiff's consent. Prime believes that it acted properly with respect to the communications at issue.

## SIXTH DEFENSE
### *Contributory Fault*

The Amended Complaint is barred, in whole or in part, by the doctrines of contributory or comparative fault of Plaintiff, including events giving rise to the underlying claim and because Plaintiff could have taken actions to mitigate his alleged damages but failed to do so.

## SEVENTH DEFENSE
### *(Class Defenses)*

Prime opposes class certification and disputes the appropriateness of class treatment. If the Court certifies a class in this case over Prime's objections, Prime asserts the defenses set forth herein against each and every member of the certified class. Furthermore, if a class is certified over Prime's objections, additional defenses may exist as to individual class members, such as res judicata, class members who filed for bankruptcy, and other individual defenses not presently known but may be discoverable upon further investigation.

## EIGHT DEFENSE
### *(Established Business Relationship)*

Plaintiff's claims, and the claims of putative class members, fail, in whole or in part, to the extent that the parties had an established business relationship.

## NINTH DEFENSE
*(Safe Harbor)*

Plaintiff's claims, and the claims of putative class members, in whole or in part, fail because Prime has established and implemented reasonable practices and procedures to prevent telephone solicitations in violation of the FCC's do-not-call regulations.

## TENTH DEFENSE
*(Residential Numbers)*

Plaintiff's claims, and the claims of putative class members, in whole or in part, are barred to the extent that the telephone numbers do not qualify as residential numbers.

## **RESERVATION OF RIGHTS**

Prime reserves all other available affirmative defenses and any other defenses at law or in equity that may now or in the future be available based on discovery or other factual investigations in the litigation.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Prime respectfully requests that the Court:

1. Deny that Plaintiff is entitled to any relief whatsoever;

2. Dismiss the First Amended Complaint with prejudice and enter judgment in favor of Prime;

3. Award Prime its attorneys' fees and costs incurred in defense of this action; and

4. Award Prime such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Prime demands a trial by jury on all claims and issues so triable on Plaintiff's First Amended Complaint.

|  |  |
|---|---|
| DATED: August 13, 2025 | */s/ David M. Krueger* <br> David M. Krueger (0085072) (*Appearing Pro Hac Vice*) <br> Laura E. Kogan (0087453) (*Appearing Pro Hac Vice*) <br> **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** <br> 127 Public Square, Suite 4900 <br> Cleveland, Ohio 44114 <br> Telephone:  216.363.4500 <br> Facsimile:  216.363.4588 <br> Email: dkrueger@beneschlaw.com <br> Email: lkogan@beneschlaw.com <br><br> *Attorneys for Defendant Charles Baratta LLC, d/b/a Prime Marketing Source* |

13

## CERTIFICATE OF SERVICE

The foregoing document was electronically delivered on August 13, 2025, to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

To:
Andrew Roman Perrong
**Perrong Law LLC**
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529
Facsimile: 888-329-0305
Email: a@perronglaw.com

*Plaintiff(s) Attorney*

*/s/ David M. Krueger*
David M. Krueger

27361927