**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

MATTHEW VANDERSLOOT, individually and
on behalf of all others similarly situated,

     Plaintiff,

v.

CHARLES BARATTA LLC D/B/A PRIME
MARKETING,

     Defendant.

Case No. 2:24-cv-07096-JMW

Judge: Honorable James M. Wicks

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

  Defendant Charles Baratta, LLC, d/b/a Prime Marketing Source ("Defendant"), submits the following Answers and Objections to Matthew Vandersloot's ("Plaintiff") Interrogatories. Defendant offers these Answers and Objections based solely on its current knowledge, understanding, and belief as to the facts and information reasonably available to it from investigations to date. Defendant reserves the right to timely amend or supplement its Answers to Plaintiff's Interrogatories under Federal Rule of Civil Procedure 26(e), as information becomes available to it.

## INTERROGATORIES

  1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

  **ANSWER: Mr. Charles Baratta, as the designated representative for Defendant Charles Baratta LLC, provided the information to answer each Interrogatory served by Plaintiff. He can be reached solely through undersigned counsel. All communications pertaining to matters for examination in this case must be directed to defense counsel.**

2.      Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:  Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of "vendors involved in making outbound calls" including "third parties that you contract with who make telemarketing calls" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability.**

**(*Id.*) Defendant further objects to this Interrogatory as overbroad, not proportional to the needs of this case, and thus irrelevant to the extent Plaintiff seeks the identification of "all" employees, vendors, and/or information concerning "outbound calls" that are wholly unrelated to the alleged solicitations described in the First Amended Complaint. Defendant also objects to the term "campaign" as vague, undefined, and subject to conflicting interpretations.**

**Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such,**

**Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff. As to vendors or any third parties, Defendant stands on its previously stated objections.**

3.      Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**<u>ANSWER:</u> Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of vendors is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

**(*Id.*)**

**Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff, in response to Interrogatory No. 2. As to vendors or any third parties, Defendant stands on its previously stated objections.**

4.      Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:  Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of "all third parties or sub-vendors" or "any vendor" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

**(*Id.*) Defendant stands on its previously stated objections.**

5.      Identify all employees or vendors involved in making outbound calls promoting your services. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:  Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of "third parties" or "vendors involved in making outbound calls" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The**

**parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

(*Id.*) Defendant further objects to this Interrogatory on the basis that it is duplicative of Interrogatory No. 2. Thus, Defendant directs Plaintiff above to its Answers and Objections to that Interrogatory. Defendant further objects to this Interrogatory as overbroad, not proportional to the needs of this case, and thus irrelevant to the extent Plaintiff seeks the identification of "all" employees, vendors, and/or information concerning "outbound calls" that are wholly unrelated to the alleged solicitations described in the First Amended Complaint. Defendant also objects on the grounds that "promoting your services" is vague, undefined, and subject to conflicting interpretations.

Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff. As to vendors or any third parties, Defendant stands on its previously stated objections.

6.      Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 5.

<u>**ANSWER:**</u>  **Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of vendors is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

(*Id.*) **Defendant further objects to this Interrogatory on the basis that it is duplicative of Interrogatory No. 3. Thus, Defendant directs Plaintiff to its above Answers and Objections to that Interrogatory.**

**Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff. As to vendors or any third parties, Defendant stands on its previously stated objections.**

7.    Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 5.

**ANSWER:  Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of "all third parties or sub-vendors" or "any vendor" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

(*Id.*) **Defendant further objects to this Interrogatory on the basis that it is duplicative of Interrogatory No. 4. Thus, Defendant directs Plaintiff above to its Answers and Objections to that Interrogatory. Defendant stands on its previously stated objections.**

8.      Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER:  Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of "vendors" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

(*Id.*) **Defendant further objects to this Interrogatory as overbroad, not proportional to the needs of this case, and thus irrelevant to the extent Plaintiff seeks the identification of individuals or vendors regarding calls that are wholly unrelated to the alleged solicitations described in the First Amended Complaint.**

**Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff. As to vendors or any third parties, Defendant stands on its previously stated objections.**

9.     If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER: Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether Defendant contacted Plaintiff or whether "Plaintiff provided consent to receive solicitation telephone calls".**

10.     If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:  Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of third parties is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

**(*Id.*) Defendant stands on its previously stated objections.**

11.     Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:** Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of "all communications [with] any third party" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*) Defendant further objects to this Interrogatory to the extent it seeks information protected by attorney-client privilege, the attorney work-product doctrine, attorney work-product and/or common interest privilege, and other applicable confidentiality protections. Defendant stands on its previously stated objections.

12.    Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:** Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of vendor equipment is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The

parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id*.) Defendant further objects to this Interrogatory on the basis that it is vague and ambiguous, as it is entirely unclear what "structure", "location", and "platform(s)" being sought in this Interrogatory mean. Moreover, Plaintiff's Definitions and Instructions do not explain or identify these terms in any way.

Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether it contacted Plaintiff. As to any vendors or third parties, Defendant stands on its previously stated objections.

13.    State all facts in support of any affirmative defenses you have raised.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is a contention interrogatory and is premature as ongoing discovery is in its nascent stage. Plaintiff's contention interrogatory is not permissible at this stage of discovery. See *Pasternak v. Dow Kim*, No. 10 CIV. 5045 LTS JLC, 2011 WL 4552389, at *2–3 (S.D.N.Y. Sept. 28, 2011) ("Courts have stricken contention interrogatories which asked a party to describe 'all facts' that supported various allegations of the complaint, finding that to elicit a detailed narrative is an improper use of contention interrogatories") (citing 2 Silberg et al., Civil Practice in the Southern District of New York § 21:7 (2d ed.2010)); (also citing *Rivers v. Safesite Nat. Bus. Records Mgmt. Corp.*, No. 94 Civ. 5323(JSM)(MHD), 1995 WL 510034, at *1 (S.D.N.Y. Aug. 28, 1995) (interrogatories stricken because they demand a description of "all facts" that support all of the principal allegations).) Courts will often defer ordering answers to contention interrogatories until the end of discovery and the "requesting party will be

10

required to show how an earlier response assists the goals of discovery." *Brown v. United States*, 179 F.R.D. 101, 105 (W.D.N.Y. 1998). Defendant further objects to this Interrogatory requesting "all facts" as overbroad and unduly burdensome. *Pasternak*, 2011 WL 4552389, at *2–3 (citing *Moses v. Halstead*, 236 F.R.D. 667, 674 (D.Kan.2006)) (contention interrogatory overly broad and unduly burdensome to the extent it sought "all" facts that supported each defense). Here, Defendant's Answer to Plaintiff's First Amended Complaint contains ten affirmative and other defenses. (Dkt. 44.) Naturally, Plaintiff's request for "all" facts is an attempt to seek granular information that is disproportionate to the needs of this case, ill-suited for an Interrogatory (e.g., in reality Plaintiff seeks and Defendant interprets this Interrogatory as ten entirely different interrogatories with respect to each affirmative defense), and improper at this stage of the litigation. By further example, requests concerning outbound calls that are wholly unrelated to the alleged solicitations described in the First Amended Complaint are irrelevant. Defendant further objects to the extent this Interrogatory seeks information reflecting the mental impressions of Defendant's attorneys (which would be revealed, in whole or in part, if Defendant was forced to identify "all facts" it believes may be relevant to its affirmative defenses in this case, including information derived through research and/or notes used to draft responses to Plaintiff's Discovery Requests and, by implication and process of elimination, information not used in the preparation of Answers to Plaintiff's Discovery Requests.) See *United States v. Ghavami,* 882 F. Supp. 2d 532, 540 (S.D.N.Y. 2012) ("That which reflects the mental processes of an attorney—opinion work product—is entitled to virtually absolute protection."); see also *United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998) ("Special treatment for opinion work product is justified because, '[a]t its core, the work-product doctrine shelters the

mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'"); *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 379 (E.D. Pa. 2006) (attorney "work product [is not] subject to discovery" because such facts are "so intertwined with mental impressions.") Defendant also objects to this Interrogatory to the extent that it seeks information in Plaintiff's possession and control.

Subject to, and without waiving the foregoing objections, Defendant states that it stands on its objections to this Interrogatory. Defendant further states that in lieu of filing an answer with affirmative defenses in this case, it filed a motion to dismiss. (*See* Dkt. 25–26, 33–34.) Accordingly, it has no information responsive to Interrogatory No. 13 with respect to affirmative defenses filed by Defendant at this time.

14.    Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER:**  Defendant objects to this Interrogatory on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Interrogatory seeking the identification of "any person" including third parties that Defendant does not employ, is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are

**sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

(*Id.*)

Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's

at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not

provide his at-issue telephone number to Defendant with his Discovery Requests. As such,

Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff,

such that purported disciplinary measures arose with respect to alleged calls identified in

Plaintiff's First Amended Complaint. As to any third parties, Defendant stands on its

previously stated objections.

Dated: August 21, 2025

*/s/ David M. Krueger*
David M. Krueger (0085072) (*Appearing Pro Hac Vice*)
Laura E. Kogan (0087453) (*Appearing Pro Hac Vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: dkrueger@beneschlaw.com
Email: lkogan@beneschlaw.com

*Attorneys for Defendant Charles Baratta LLC, d/b/a Prime Marketing Source*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2025, a copy of the foregoing **DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**, were electronically served by e-mail to all parties indicated below:

**To:**

Andrew Roman Perrong
**Perrong Law LLC**
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Plaintiff(s) Attorney*

*/s/ David M. Krueger*
David M. Krueger

27254524

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

MATTHEW VANDERSLOOT, individually
and on behalf of all others similarly situated,

           Plaintiff,

v.

CHARLES BARATTA LLC D/B/A PRIME
MARKETING,

           Defendant.

Case No. 2:24-cv-07096-JMW

Judge: Honorable James M. Wicks

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR  PRODUCTION**

Defendant Charles Baratta LLC, d/b/a Prime Marketing Source ("Defendant"), submits the following Responses and Objections to Matthew Vandersloot's ("Plaintiff") Requests for Production of Documents ("Requests"). Defendant offers these Responses and Objections based solely on its current knowledge, understanding, and belief as to the facts and information reasonably available to it from investigations to date. Defendant reserves the right to timely amend or supplement its Responses to Plaintiff's Requests, and to introduce subsequently discovered information as it becomes available, or at the time of any trial or proceeding in this action.

**DOCUMENT REQUESTS**

1.      Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE: Defendant objects to this Request on the basis that it seeks a grossly overbroad volume of materials by seeking granular information concerning "*all*" documents used to research or to draft Defendant's discovery responses. Such a Request calls for an incredible volume of documents having no bearing on any claims, defenses or class**

certification, and is thus disproportionate to the needs of the case. By example, requests concerning outbound calls that are wholly unrelated to the alleged solicitations described in the First Amended Complaint are irrelevant. Defendant further objects to this Request to the extent Plaintiff requires the production of information reflecting the mental impressions of Defendant's attorneys (which would be revealed, in whole or in part, if Defendant was forced to identify all documents its counsel chose to use for research and/or to draft responses to Plaintiff's Discovery Requests and, by implication and process of elimination, not use, in the preparation of Answers to Plaintiff's Interrogatories). (*See* Defendant's Answer and Objections to Plaintiff's Interrogatory No. 13, citing cases). Defendant further objects to the extent that this Request seeks the creation or recreation of documents that don't currently exist. Defendant also objects to this Request to the extent it calls for the production of confidential information.

Subject to and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff, to respond to the Interrogatories. As to the production of information concerning vendors or any third parties, Defendant directs Plaintiff to its Objections to Interrogatory Nos. 2–8, 9–12, and 14, and stands on its previously stated Objections.

2.        Please produce all documents supporting or contradicting any affirmative defense made in any motion to dismiss or that you intend to assert in an answer in this case.

**RESPONSE:** Defendant objects to this Request on the basis that it is premature at this nascent stage in the case and investigations/discovery continues.  Plaintiff cannot use a

document request to circumvent the limitations imposed by Rule 33(a)(2). Defendant further objects to this Request for "supporting or contradicting" documents on the basis that it seeks information in Plaintiff's possession and control and/or in the possession and control of third parties. Defendant further objects to this Request to the extent it seeks information protected by the attorney work-product doctrine, attorney work-product and/or common interest privilege. Defendant further objects to this Request on the basis that it seeks "all documents" and is therefore overbroad, unduly burdensome, and disproportionate to the needs of the case. Defendant also objects to this Request as overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, any Request for documents pertaining to affirmative defenses involving third parties is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability.

(*Id.*)

Subject to and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff, in response to the direct liability claims in this case. As to vendors or any third parties, Defendant stands on its previously stated objections. (*See also* Defendant's Answers and Objections to Plaintiff's Interrogatory Nos. 10 & 13).

3.     Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE: Defendant objects to this Request on the basis that it seeks a grossly overbroad volume of materials by seeking granular information concerning "*all*" documents related to Plaintiff. This Request is disproportionate to the needs of the case as Plaintiff has no need for every possible document that may exist, "including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff." Thus, to the extent Plaintiff seeks the identification of documents regarding outbound calls that are wholly unrelated to the alleged solicitations described in the Amended Complaint, such information is irrelevant. Moreover, this Request is intentionally structured to impose an undue burden on Defendant because this case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (See Dkt. 31.) Thus, all documents that may involve third parties are not relevant to the parties' claims or defenses and not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

**(*Id*.) Defendant further objects to this Request insofar as it seeks information covered by attorney-client privilege, the work-product doctrine and/or common interest privilege, or other confidentiality protections related to Defendant.**

**Subject to and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not**

provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff. As to vendors or any third parties, Defendant stands on its previously stated objections.

4.    Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE: Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request for "all documents relating to any failure by a vendor" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

**(*Id.*) Defendant stands on its previously stated objections.**

5.    Please produce all complaints concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE: Defendant objects to this Request on the basis that it seeks a grossly overbroad volume of information disproportionate to the needs of the case, seeking "*all*" complaints concerning "unlawful or unauthorized outbound calls." Such a Request calls for documents having no bearing on any claims, defenses, or class certification in the present**

case, and is intentionally structured to harass and impose an undue burden on Defendant. Defendant further objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties, because this case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request for documents concerning "any vendor" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id*.) Defendant further objects to this Request insofar as it seeks information covered by attorney-client privilege, the work-product doctrine and/or common interest privilege, or other confidentiality agreements related to Defendant. Defendant also objects on the basis that Plaintiff seeks information already in his possession, custody, and/or control.

Subject to, and without waiving the foregoing objections, Defendant stands on its previously stated objections. Answering further, Defendant directs Plaintiff to all publicly accessible dockets showing past and open litigation and/or "complaints" involving Defendant.

6.    All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It

does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request for documents "representing agreements with any vendor " is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*) Defendant stands on its previously stated objections.

7.      All communications with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request for "[a]ll communications with any vendor " is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*) Defendant stands on its previously stated objections.

8.      All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of

claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request for documents "[a]ll internal communications at your company regarding any vendor" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*) Defendant stands on its previously stated objections.

9.      All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

__RESPONSE:__  **Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request for "[a]ll contracts or documents representing agreements with any third party" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*) Defendant stands on its previously stated objections.

10.      All contracts or documents representing agreements with America's Marketing and Media Solution.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request to produce "[a]ll contracts or documents representing agreements with America's Marketing and Media Solution" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id*.) Defendant stands on its previously stated objections.

11.    All internal communications at your company regarding America's Marketing and Media Solution.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request to produce "[a]ll internal communications at your company regarding America's Marketing and Media Solution" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*) Defendant stands on its previously stated objections.

12.    All documents sufficient to identify "Christopher Gee" and/or "Christopher Garcia."

**RESPONSE:** Defendant objects to this Request on the basis that it seeks an overbroad volume of information by seeking "*all*" documents related to "Christopher Gee" and/or "Christopher Garcia." Defendant further objects to this Request as vague and ambiguous because Defendant cannot determine for Plaintiff what constitutes "sufficient" information to identify an individual. This Request calls for a volume of documents having no bearing on any claims, defenses, or class certification, and is thus disproportionate to the needs of the case. By example, requests concerning documents or calls that are wholly unrelated to the alleged solicitations described in the Amended Complaint are irrelevant. Defendant further objects to this Request to the extent it calls for the disclosure of confidential, business sensitive, and/or proprietary information, such as personal identifying information or employment records. Defendant also objects to the extent this Request seeks the production of information already in Plaintiff's possession, custody, and/or control, or in the possession of third parties.

Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate Plaintiff's allegations that it contacted him through "Christopher Gee" and/or "Christopher Garcia ."

13.    All documents sufficient to identify "Tiffany," "DeAndre," and "Ariel."

**RESPONSE:** Defendant objects to this Request for "[a]ll documents" on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. In its Motion to Dismiss Plaintiff's Amended Complaint, Defendant candidly stated with respect to "Tiffany," "DeAndre," and other alleged callers, that "Plaintiff's described fact pattern would be of sound logic if a third-party had placed the calls." (*See* Dkt. 34 at PageID #159.) However, Plaintiff prosecutes this case solely on a direct liability theory:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*See* Dkt. 31.) Thus, Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. Defendant further objects to this Request to the extent it implicates the production of documents in the possession, custody, and/or control of third parties.

Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff. As to vendors or any third parties, Defendant stands on its previously stated objections.

14.    All documents relating to the use of the aliases, "Camp Lejeune Water Claims Department" and "Legal Helpers"

11

**RESPONSE:** Defendant objects to this Request for "[a]ll documents" on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. In its Motion to Dismiss Plaintiff's Amended Complaint, Defendant candidly stated that "Plaintiff's described fact pattern would be of sound logic if a third-party had placed the calls." (*See* Dkt. 34 at PageID #159.) However, Plaintiff prosecutes this case solely on a direct liability theory

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*See* Dkt. 31.) Thus, Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. Defendant further objects to this Request to the extent it implicates the production of documents in the possession, custody, and/or control of third parties such as "Camp Lejeune Water Claims Department" and "Legal Helpers".

Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff. As to vendors or any third parties, Defendant stands on its previously stated objections.

15.     All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of

**claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request to produce "[a]ll communications with any third party" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

**(*Id.*) Defendant stands on its previously stated objections.**

16.    All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:  Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request to produce "[a]ll internal communications [ ] regarding any third party" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

**(*Id.*) Defendant stands on its previously stated objections.**

17.    All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request to produce "[a]ll communications with any third party" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*) Defendant further objects to this Request on the basis that it is duplicative of Request No. 15. Accordingly, Defendant directs Plaintiff above to its Response and Objections to that Request. Defendant stands on its previously stated objections.

18.    All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request to produce "[a]ll internal communications [ ] regarding any third party" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*) Defendant further objects to this Request on the basis that it is duplicative of Request No. 16. Accordingly, Defendant directs Plaintiff above to its Response and Objections to that Request. Defendant stands on its previously stated objections.

19.    Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of- rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** **Defendant objects to this Request on the basis that "all" documents relating to insurance coverage is overbroad and unduly burdensome. There is simply no conceivable need to identify "all" insurance coverage documents, particularly information that "exclude[s] the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter." In other words, Plaintiff seeks information disproportionate to the needs of this case and thus irrelevant to the claims and defenses between the parties related to alleged solicitations described in the Amended Complaint. Defendant further objects to the extent this Request goes beyond the scope of the requirements set forth under Fed. R. Civ. P. 26(a)(1)(A)(iv).**

**Subject to and without waiving the foregoing objections, Defendant is not aware of any insurance policies applicable to the claims asserted in this action. Answering further, Defendant directs Plaintiff to its Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures, served on January 17, 2025 and stating "none" under Section 4.**

20.     Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:  Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request to produce "all indemnification agreements under which a third party may be responsible" "and all communications with those third parties" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:**

> **Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.**

**(*Id.*) Defendant stands on its previously stated objections.**

21.     Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

> a)     compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;
>
> b)     obtaining or verifying prior express consent;
>
> c)     complying with E-SIGN Act, 15 U.S.C. §§ 7001 et seq.

16

**RESPONSE:** Defendant objects to this Request on the basis that it seeks information protected by the attorney-client privilege and attorney work-product doctrine. Defendant further objects to this Request to the extent that it calls for the disclosure of confidential, business sensitive, and/or proprietary information.  Defendant further objects to this Request as overbroad and disproportionate to the needs of the case.  Plaintiff is seeking a potentially substantial volume of information entirely unnecessary for this case.  "[A]ll documents related to policies for compliance with the TCPA or the FCC's regulations thereunder" (meaning, whether or not they relate to the limited issues in this case), is an improper and unduly burdensome Request. Plaintiff has no need whatsoever for the volume of information sought. Defendant also objects to this Request on the basis that the term "Policy" as is defined in Plaintiff's Discovery Requests is grossly overbroad.

Defendant states that it stands on its objections to this Request.

22.    Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendor, including those made to the Plaintiff:

      a)    the date and time;

      b)    the caller ID;

      c)    any recorded message used;

      d)    the result;

      e)    identifying information for the recipient; and

      f)    any other information stored by the call detail records.

**RESPONSE:** Defendant objects to this Request for "[a]ll documents" on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. Moreover, this case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability.

(*See* Dkt. 31.) Thus, this Request to produce "all" documents involving a "vendor" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*)

Subject to, and without waiving the foregoing objections, Defendant states: Plaintiff's at-issue telephone number is not listed in the Amended Complaint and Plaintiff did not provide his at-issue telephone number to Defendant with his Discovery Requests. As such, Defendant is unable to investigate whether any employee of Defendant contacted Plaintiff. As to vendors or any third parties, Defendant stands on its previously stated objections.

23.    Please produce all documents in your possession, care, custody, and control, including through customer portals, CRM portals, and the like, reflecting the following categories of documents: billing information; documents sufficient to identify subscriber information (even if you are not the subscriber, for example, correspondence from vendors indicating numbers that they will use on a campaign); complete call detail records (both originating and terminating); and complete text message detail records (both originating and terminating), for the following telephone numbers:

    a)    954-800-2991;

    b)    208-681-7762;

    c)    210-405-8263;

    d)    208-600-6666; and

    e)    954-799-8058.

**RESPONSE:** Defendant objects to this Request for "[a]ll documents" on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. Moreover, this case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request to produce "correspondence from vendors" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*) Defendant stands on its previously stated objections.

24.    All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad, not proportional to the needs of this case, and seeks irrelevant information beyond the scope of claims and defenses between the parties. This case proceeds on one theory: direct liability. It does not encompass a claim of vicarious liability. (*See* Dkt. 31.) Thus, this Request to produce "[a]ll communications with any third party" is not relevant to the parties' claims or defenses and is not proportional to the needs of the case:

> Plaintiff stipulated on the record that on the current Amended Complaint only claims of direct liability under the Telephone Consumer Protection Act are sought and that it does not encompass a claim of vicarious liability. The parties' motion papers, accordingly, shall be addressed solely with respect to a direct liability claim.

(*Id.*) Defendant further objects to this Request on the basis that it is duplicative of Request Nos. 15 & 17. Accordingly, Defendant directs Plaintiff above to its Responses and Objections to those Requests. Defendant stands on its previously stated objections.

Dated: August 21, 2025

*/s/ David M. Krueger*

David M. Krueger (0085072) (*Appearing Pro Hac Vice*)
Laura E. Kogan (0087453) (*Appearing Pro Hac Vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: dkrueger@beneschlaw.com
Email: lkogan@beneschlaw.com

*Attorneys for Defendant Charles Baratta LLC, d/b/a Prime Marketing Source*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2025, a copy of the foregoing **DEFENDANT'S**

**RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** were

electronically served by e-mail to all parties indicated below:

**To:**
Andrew Roman Perrong
**Perrong Law LLC**
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Plaintiff(s) Attorney*

/s/ *David M. Krueger*
David M. Krueger

21

27253904