IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MONTWAIN CARTER,<br><br>    Plaintiff,<br><br>  vs.<br><br>HEALTH INSURANCE KING AGENCY,<br>LLC.,<br><br>    Defendant. | 3:25-cv-00005-SHL-WPK<br><br>ORDER RE: PLAINTIFF'S MOTION TO<br>COMPEL AND MOTION FOR EXTENSION<br>OF DEADLINE TO ADD PARTIES |

Montwain Carter filed the present Motion to Compel and for Extension of the Deadline to Add Parties on June 30, 2025. ECF 27. Defendant Health Insurance King Agency, LLC filed a Response on July 14, 2025, and Plaintiff filed a Reply on July 21, 2025. ECF 28, 30. The parties did not request a hearing. Having considered the arguments fully submitted, the Court enters the following Orders granting in part and denying in part Plaintiff's Motion to Compel and granting Plaintiff's Motion to Extend the Deadline to Add Parties.

## I.    BACKGROUND FACTS

Plaintiff filed his Original Complaint in this Court on January 21, 2025. ECF 1, 3. He alleges Defendant violated the Telephone Consumer Protection Act (TCPA) by making unsolicited telemarketing calls to his cellular phone number. Defendant denies these allegations and filed a Motion to Dismiss for Lack of Personal Jurisdiction on February 25, 2025. ECF 8. In its Motion Defendant asserted that any calls made to Plaintiff either were not subject to the TCPA, were made by an employee outside the scope of his employment or were made with proper consent. *Id*. District Judge Stephen H. Locher denied Defendant's Motion to Dismiss on July 21, 2025. ECF 29. The

Court here considers the facts set forth by Judge Locher in his Order, and the facts raised in this discovery dispute. *Id.* Plaintiff filed the present Motion to Compel responses to several interrogatories and requests for production and for Extension on June 30, 2025. ECF 27.

Plaintiff issued its first set of interrogatories and requests for production, and Defendant provided its objections and responses to the discovery requests. Defendant set forth objections to Plaintiff's requests regarding Interrogatories 2, 4, 5, 8, and 9 and Requests for Production (RFPs) 4, 6, and 9. ECF 27 at 3-5. The parties exchanged letters and emails and met virtually to try to resolve the discovery disputes but found themselves at an impasse for those requests. *Id.*

In Defendant's Resistance to Plaintiff's Motion to Compel, it generally reiterated its then-still-pending jurisdictional challenge and that Plaintiff's factual assertions were incorrect. In ruling on Defendant's Motion to Dismiss, Judge Locher viewed the facts in the light most favorable to Plaintiff and concluded that Plaintiff met his burden of proving the existence of personal jurisdiction. This was the case notwithstanding the evidence submitted by Defendant regarding its employee's authority (or lack thereof) to make the call. ECF 29 at 5. Judge Locher reasoned that without discovery, it is difficult to understand what more a plaintiff like Carter could do to establish personal jurisdiction in a TCPA case beyond asserting (a) that he received a phone call directed to the forum state, (b) from an insurance producer employed by Defendant, (c) for the purpose of trying to sell him insurance from Defendant.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 26(b)(1) states,

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(b) is "liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Therefore, "the scope of permissible discovery is broader than the scope of admissibility," and "[d]iscovery requests are typically deemed relevant if there is any possibility that the information sought is relevant to any issue in the case." *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 557 (N.D. Iowa 2015). However, the broad scope "should not be misapplied as to allow fishing expeditions in discovery" and some "threshold showing of relevance must be made." *Hofer*, 981 F.2d at 380. The scope of discovery under Rule 26(b) is extremely broad as to relevant evidence. *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015). Under Federal Rule of Evidence 401, evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence[.]" Rule 401 sets an "extremely low burden" for relevancy. *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 396 (8th Cir. 2016).

"The Eighth Circuit Court of Appeals has explained that Rule 26(b)(1) does not give any party 'the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case.'" *Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 320 F.R.D. 168, 183 (N.D. Iowa 2017) (quoting *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014)). The party resisting production of requested information bears the burden of establishing lack of relevancy and undue burden. *Id.* Objections must be stated with specificity and "'must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *St. Paul Reins. Co., v. Com. Fin. Corp.*, 198 F.R.D 508, 512 (N.D. Iowa 2000) (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)). *See also* Fed. R. Civ. P. 33(b)(4).

According to the Scheduling Order and Discovery Plan, Motions to Amend Pleadings and to Add Parties are both due by June 30, 2025. ECF 22. Under Federal Rule of Civil Procedure 16(b), a Court's scheduling order "may be modified only for good cause and with the judge's consent." "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), abrogated on other grounds by *Rivera v. Illinois*, 556 U.S. 148 (2009)). Once diligence is determined, the Court may consider prejudice to the nonmoving party. *Sherman*, 532 F.3d at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Courts should be cautious not to elevate form over substance, however. Indeed,

> [a]lthough case management orders are an important tool 'designed to streamline the flow of litigation through . . . crowded dockets,' 'mindless subservience to the dictates' of such an order should not overshadow the Court's fundamental obligation to achieve a just adjudication of a civil claim, especially in the absence of any prejudice to the nonmoving party.

*In re Lutheran Brotherhood Variable Ins. Prods. Co. Sales Pracs. Litig.*, No. 99-MD-1309 (PAM), 2002 WL 31371945, at *5 (D. Minn. Oct. 7, 2002) (citations omitted). The decision to grant leave to amend is in the court's sound discretion. *Bradford*, 249 F.3d at 809.

Plaintiff asks that this Court extend the deadline to add parties in this case to a reasonable time to permit the Court to make a ruling on the instant Motion and allow Defendant to provide discovery which names the vendors it used, and their involvement. This would then allow Plaintiff to evaluate that evidence to determine if the addition of these vendors as third parties is appropriate. ECF 27 at 11.

## III.    MERITS

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Defendant argued reasons why the information requested was not relevant or should not be produced. The Court considered those reasons as stated in the Response. ECF 28. The Court concludes Defendant has not seriously raised the issue of disproportionality. However, it has independently reviewed the discovery requests and concludes the discovery sought is proportional.

An entity violates the TCPA and may be held directly liable if it initiates the unlawful calls to the plaintiff. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771–73 (N.D. Ill. 2014) (citing *In re Joint Petition filed by Dish Network, LLC*, 28 FCC Red. 6574 (2013)). An entity may also be liable vicariously, under common law agency principles, if third parties make calls on its behalf. *Id.* While this Illinois case is not controlling authority here, it is persuasive in looking at discovery disputes and how third parties could be involved that implicate liability. The Court rules as follows for each disputed response.

### A.  Interrogatory No. 2.

**INTERROGATORY NO. 2.** Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.
**Objections:** To the extent this interrogatory seeks information about "vendors" who are companies or individuals that are somehow involved in making or generating calls for Defendant, Defendant objects to the interrogatory as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be

5

used to assert new claims against Defendant or (potentially) other parties. Defendant will not provide any information about vendors in response to this interrogatory.

> **Answer:** Health Insurance King has never had any campaign to make outbound calls to Plaintiff or any other potential customers. The only outbound calls made by Health Insurance King employees are to individuals who have given permission to Health Insurance King for such calls and to which the TCPA would not apply. Thus, there are no employee names responsive to this interrogatory.

Defendant did answer the question in part by stating it has no campaign to make outbound calls to potential customers. However, it believes information about "vendors" who are companies or individuals that are somehow involved in making or generating calls for it is irrelevant. The question of agency creates a factual issue that warrants discovery. Here, the Court highlights the broad scope of discovery. "The scope of permissible discovery is broader than the scope of admissibility," and "[d]iscovery requests are typically deemed relevant if there is any possibility that the information sought is relevant to any issue in the case." *Kampfe*, 304 F.R.D. at 557. *See also Hofer*, 981 F.2d at 380; Fed. R. of Civ. Pro. 26(b)(1). The threshold showing of relevance was made by Plaintiff regarding whether third parties (vendors) are making calls on Defendant's behalf. Once that threshold was met, the burden shifted to Defendant in resisting discovery to show specific facts demonstrating that the discovery is not relevant or how it is privileged or otherwise protected from discovery. The Court concludes Defendant did not meet its burden with regard to this Interrogatory. Plaintiff needs to know whether any third parties are involved and has the right to seek discovery about a possible agency relationship, which may also shed light on the calls Plaintiff alleges he received from Defendant.

The undersigned finds that the information included in the disputed discovery requests is relevant to Plaintiff's case and Defendant's objections are without merit. The information sought about employees, vendors, and calling systems is relevant to Plaintiff's claims and falls within the

scope of permissible discovery under Rule 26(b)(1). Defendant must provide a complete response, including information about any vendors or third parties involved in its calling practices, if any.

**B. Interrogatory No. 4.**

> **INTERROGATORY NO. 4**. Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.
> **Objections**: To the extent this interrogatory seeks information about sub-vendors or third parties who are companies or individuals that are somehow involved in making or generating calls for Defendant, Defendant objects to the interrogatory as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.
> **Answer**: Based on the foregoing objection, Defendant will not answer this interrogatory.

For the reasons stated above, the Court concludes this interrogatory is a proper follow-up to Interrogatory No. 2 and seeks information that could be relevant to Plaintiff's claim. However, the interrogatory is overbroad as written. Defendant shall identify communications with third parties specifically related to the facts underlying this lawsuit. The responses can be limited to the time, on or around 2024, when the calls were alleged to have been made. Defendant must provide a complete response, identifying any third parties or sub-vendors involved in its calling practices, if any.

**C. Interrogatory No. 5.**

> **INTERROGATORY NO. 5.** Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.
> **Objections:** To the extent this interrogatory seeks information about "vendors" who are companies or individuals that are somehow involved in making or generating calls for Defendant, Defendant objects to the interrogatory as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant

called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties. Defendant will not provide any information about vendors in response to this interrogatory.

 **Answer:** Employees of Health Insurance King that spoke with Plaintiff are Timothy Reese and Lynette Gibson.

Defendant responded to this question and provided two names. For the reasons stated above regarding information that could be relevant to the Plaintiff's claim, the Court concludes Defendant's objections here are also without merit. Defendant must supplement its response to include any individuals from vendors who may have spoken with Plaintiff, if any are known.

### D.  Interrogatory No. 8:

**INTERROGATORY NO. 8.** Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

 **Objections:** Defendant objects to this interrogatory as vague because "regarding this lawsuit" does not adequately specify the information sought. Defendant further objects to this interrogatory as seeking irrelevant information. Information about Defendant's discussions with third parties about this lawsuit, if any, would not make any material fact at issue in this case  more or less likely. Defendant further objects to this request as overbroad and not proportional to the needs of the case. To the extent that any of the communications about which Plaintiff  inquires on a particular subject matter might be relevant, those communications do not justify broader discovery about all such communications, especially given the considerations detailed on Rule 26(b)(1).

 **Answer:** Based on the foregoing objections, Defendant will not answer this interrogatory.

The question is not precisely written. The question does not concern communications about the issues, facts, and circumstances of specific aspects of this case. The Court concludes that as written the question is overbroad and may seek communications that might not be relevant. Defendant need not disclose to Plaintiff general discussions about the lawsuit itself, and Plaintiff's Motion to Compel is denied at to this Interrogatory.

**E. Interrogatory No. 9:**

**INTERROGATORY NO. 9.** Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

    **Objections:** To the extent this interrogatory seeks information about "vendors" who are companies or individuals that are somehow involved in making or generating calls for Defendant, Defendant objects to the interrogatory as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties. Defendant will not provide any information about vendors in response to this interrogatory.

    **Answer:** No systems, platforms, or equipment were used by employees of Health Insurance King to contact Plaintiff. All calls between such employees and Plaintiff were inbound
calls.

Defendant believes information about "vendors" who are companies or individuals that are somehow involved in making or generating calls for it is irrelevant. Once again, the Court highlights the broad scope of discovery. "The scope of permissible discovery is broader than the scope of admissibility," and "[d]iscovery requests are typically deemed relevant if there is any possibility that the information sought is relevant to any issue in the case." *Kampfe*, 304 F.R.D. at 557. *See also Hofer*, 981 F.2d at 380; Fed. R. of Civ. Pro. 26(b)(1). The threshold showing of relevance was made by Plaintiff. The burden then shifted to Defendant to show specific facts demonstrating that the discovery is not relevant, or how it is privileged or otherwise protected from discovery. Defendant has not met its burden on this issue. Plaintiff needs to know whether any third parties are involved and has the right to seek discovery about that relationship, which may also shed light on the calls Plaintiff alleges he received from Defendant. The undersigned finds that the information included in the disputed discovery requests is relevant to Plaintiff's case. If

known, the information sought about systems and equipment used to contact Plaintiff is relevant

and discoverable. Defendant must provide a complete response.

### F. Request for Production No. 4:

**REQUEST [FOR PRODUCTION] NO. 4.** Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**Objections:** Defendant objects to the request seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.

**Response**: Based on the foregoing objection, Defendant will not respond to this request.

On three occasions after October 2024, Plaintiff received phone calls from phone numbers

that he believes are affiliated with Defendant. ECF 1, ¶¶ 27, 34. Judge Locher provided facts from

the Complaint wherein Complainant asserted that Defendant used automated marketing software

to place the calls. *Id*., ¶ 38. The plaintiff is not required to provide "detailed factual allegations" at

the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff alleges that

Defendant "mass-dials calls indiscriminately and incessantly, including to numbers on the Do Not

Call Registry." *Id*., ¶ 41. He states he never consented to these calls and alleges that they violated

his privacy. *Id*., ¶¶ 42–43. He brings claims on behalf of himself and a class of similarly situated

individuals under the TCPA, 47 U.S.C. § 227(c). *Id*., ¶¶ 46, 62–65. Therefore, the Court concludes

threshold showing of relevance was made by Plaintiff.

Once that threshold was met, burden then shifts to Defendant to show specific facts

demonstrating that the discovery is not relevant or how it is privileged or otherwise protected from

discovery. Defendant again did not meet its burden here. If there are companies or individuals that are somehow involved in making or generating calls for Defendant, that would be relevant as to how Plaintiff got involved in this series of facts that he believes is unlawful. Plaintiff can engage in discovery to establish that the alleged violation of the TCPA was willful and/or knowing or to further investigate the facts constituting the alleged offense. Documents relating to vendor compliance with calling policies are relevant to the claims and defenses in this case. Defendant must produce responsive documents, if any exist.

### G. Request for Production No. 6:

**REQUEST NO. 6.** All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.
    **Objections:** Defendant objects to the request seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.
    **Response:** Based on the foregoing objection, Defendant will not respond to this request.

For the same reasons stated above, Defendant's objections to this RFP are without merit. Contracts or agreements with vendors that provided Plaintiff's contact information are relevant to the claims and defenses. Defendant must produce responsive documents, if any exist.

### H. Request for Production No. 9:

**REQUEST NO. 9.** All communications with any third party that dialed the calls to the Plaintiff.
    **Objections:** Defendant objects to the request seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff

alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.

        **Response:** Based on the foregoing objection, Defendant will not respond to this request.

For the general reasons stated above, Defendant's objections to this RFP are also without merit. Communications with third parties that dialed calls to Plaintiff are relevant and discoverable. Defendant must produce responsive documents, if any exist.

The Court concludes RFPs 4, 6, and 9 are relevant and proportional. Therefore, Defendant shall provide responsive documents for these requests.

## IV. MOTION FOR EXTENSION

Plaintiff also moved to extend the deadline to add parties, arguing that Defendant's refusal to provide information about vendors potentially involved in the calling conduct or who may have provided Plaintiff's information to Defendant has prevented him from evaluating whether to add these vendors as parties. Under the Scheduling Order and Discovery Plan, June 30, 2025, is the Deadline to Add Parties. ECF 22. The Motion to Compel was filed on June 30, 2025. ECF 27. Plaintiff contends that good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the Scheduling Order. He argues he has been diligent in seeking this information through discovery and moving to compel when Defendant objected, and that he cannot amend to add parties without knowing their identities. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *Fed. Ins. Co. v. Sammons Fin. Grp., Inc.*, 320 F.R.D. 192, 198 (S.D. Iowa 2013) (holding party was sufficiently diligent in discovering new evidence, even though the deadline for amendments had passed).

Defendant opposes the extension, arguing that information about third parties or vendors is not relevant to Plaintiff's claims of direct liability against it based on the current pleadings and facts asserted by both parties. It contends such information might only be relevant to a vicarious liability claim, which Plaintiff has not pleaded.

The Court concludes that good cause exists to extend the Deadline to Add Parties. While Plaintiff's current Complaint focuses on direct liability, the discovery sought about vendors and third parties is relevant to the claims and defenses in this case as detailed above in the Court's analysis regarding Plaintiff's Motion to Compel. Although the request was filed on the deadline, the Court concludes that Plaintiff has been diligent in pursuing this information and promptly seeking Court intervention when faced with Defendant's objections. At this stage, without full disclosure of the potential involvement of vendors or third parties, it would be premature to foreclose Plaintiff's ability to amend based on newly discovered information. Therefore, the Deadline to Add Parties is extended to thirty days after Defendant provides complete responses to the discovery requests consistent with this Order. This extension balances the need for Plaintiff to have an opportunity to evaluate the information provided with the interest in moving the litigation forward efficiently.

## V. CONCLUSION AND DISPOSITION

For the reasons set forth above, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. The Court concludes Defendant shall provide responses to Interrogatories 2, 4, 5, and 9 and responsive documents to Requests for Production 4, 6, and 9. Defendant is not required to provide a response to Interrogatory 8.

The Court further concludes that Plaintiff's Motion to Extend the Deadline to Add Parties is **GRANTED**. The deadline to add parties is extended to thirty days after Defendant provides complete responses to the discovery requests as ordered herein.

      **IT IS SO ORDERED.**

      **DATED**: August 18, 2025.

                                _____
                                  William P. Kelly
                                  UNITED STATES MAGISTRATE JUDGE