IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW VANDERSLOOT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CHARLES BARATTA LLC D/B/A PRIME MARKETING,<br><br>Defendant. | Civil Action No. 2:24-cv-07096-JMW |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO BIFURCATE DISCOVERY**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT .......................................................................................................................... 2

    A. PLAINTIFF STIPULATED ON THE RECORD THAT THE AMENDED COMPLAINT DOES NOT ENCOMPASS VICARIOUS LIABILITY. ................................................................................ 2

        1. Plaintiff cannot pursue vicarious liability in breach of the agreed Stipulation made in open court.......................................................... 2

        2. Discovery is not a backdoor to evidence of claims Plaintiff could not allege under Rule 8. ................................................................ 3

    B. BIFURCATION PROTECTS JUDICIAL RESOURCES. .................................... 5

        1. Plaintiff's Individual Claims are distinct from the putative Class Claims............................................................................................ 5

        2. Phase I discovery avoids wasteful duplication and maintains expedited resolution warranting bifurcation.............................. 6

III. CONCLUSION....................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carter v. Health Ins. King Agency, LLC*,
  No. 3:25-cv-00005 (S.D. Iowa Aug. 18, 2025) ........................................................................7

*Datiz v. Int'l Recovery Assocs.*,
  No. 2:15-cv-03549-DRH-AKT, 2017 WL 9400688 (E.D.N.Y. May 1, 2017) .........................3

*Gene Codes Forensics, Inc. v. City of New York*,
  812 F. Supp. 2d 295 (S.D.N.Y. 2011)......................................................................................4

*Harris v. Shore Funding Sols. Inc.*
  No. 2:23-cv-00789-JMA-JMW, 2023 WL 3440077 (E.D.N.Y. Apr. 21, 2023) ...............2, 7, 8

*Jawk Enters., LLC v. Greenlight Energy, Inc.*,
  No. 1:19-cv-04212-ARR-SJB, 2019 WL 5881752 (E.D.N.Y. Nov. 5, 2019).........................5

*Lyeth v. Chrysler Corp.*,
  929 F.2d 891 (2d Cir. 1991).....................................................................................................4

*Manning v. New York Univ.*,
  No. 1:98-cv-03300 (NRB), 2001 WL 963982 (S.D.N.Y. Aug. 22, 2001)................................3

*In re MarketXT Holdings Corp.*,
  336 B.R. 39 (Bankr. S.D.N.Y. 2006).......................................................................................3

*In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*,
  No. 5:11-cv-90, 2014 WL 316476 (N.D.W. Va. Jan. 28, 2014)...............................................7

*Simon v. Philip Morris Inc.*,
  200 F.R.D. 21, 27 (E.D.N.Y. 2001).........................................................................................6

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338, 131 S. Ct. 2541 (2011)......................................................................................6

**Other Authorities**

Fed. R. Civ. P. 1 ...............................................................................................................................5

Fed. R. Civ. P. 8 ...............................................................................................................................3

Fed. R. Civ. P. 11 .............................................................................................................................4

## I.     INTRODUCTION

Plaintiff's Opposition distorts the record and misstates the law. It hinges on an (already abandoned) untenable position, designed to inflate a narrow threshold issue into an open-ended fishing expedition.

As this Court is aware, Prime previously moved to dismiss vicarious liability on the basis that it was inadequately pled. To moot this issue, Plaintiff intentionally and purposefully abandoned the theory, and represented—multiple times to Prime and on the record—that he is only pursuing a claim of direct liability. Relying on those representations, this Court denied Prime's motion, concluding that Plaintiff plausibly alleged direct liability. While Prime disagrees with the outcome, Prime respects this Court's order. But Prime previously warned that Plaintiff's recitation of the facts made little to no sense under a direct liability theory and that Plaintiff's concession was likely just a temporary façade to try and survive dismissal.

Because the issue of whether Prime called Plaintiff is straightforward, bifurcation limiting discovery to this threshold inquiry makes perfect sense before the parties invest in expensive class discovery.

Plaintiff now concedes his intent to pursue evidence regarding vicarious liability—the very theory he previously abandoned and stipulated to exclude. Prime cautioned that Plaintiff has been less than forthright, marked by a pattern of adding and discarding allegations at the scent of defeat. This latest maneuver to pursue vicarious liability claims confirms Prime's concern. This Court should not tolerate Plaintiff's tactic of going beyond the four corners of the Amended Complaint (the "Complaint") to resurrect discarded theories of liability in an effort to block bifurcation.

Several reasons make bifurcation appropriate and necessary: Plaintiff expressly stipulated to remove vicarious liability and cannot re-expand the litigation at will; distinct nationwide class issues support Phase I bifurcation; satisfying any one of three grounds for bifurcation is sufficient;

1

and this Court has found good cause under nearly identical circumstances set forth in *Harris v. Shore Funding Sols. Inc.* No. 2:23-cv-00789-JMA-JMW, 2023 WL 3440077, at *4 (E.D.N.Y. Apr. 21, 2023).

## II.   ARGUMENT

### A.   PLAINTIFF STIPULATED ON THE RECORD THAT THE AMENDED COMPLAINT DOES NOT ENCOMPASS VICARIOUS LIABILITY.

#### 1.   *Plaintiff cannot pursue vicarious liability in breach of the agreed Stipulation made in open court.*

Prime's Motion to Bifurcate Discovery (the "Motion") shows that bifurcation is proper because determining if Prime did or did not place the calls to Plaintiff would eliminate costly class litigation. Since April 3, 2025, Prime and the Court have operated based on Plaintiff's representations that vicarious liability is not at issue. The Motion cited to weaknesses in that theory and to Court orders highlighting the likelihood that pursuing vicarious liability would be futile. (*See* Minute Entry 02/07/2025; Dkt. 41 at PageID #243–44.)

Now, Plaintiff's Opposition displays a twofold theme: misrepresenting case history and revealing an intention to manipulate existing orders. Plaintiff argues that he is not foreclosed from exploring vicarious liability, is entitled to discovery to develop the theory, "may still amend his Complaint and allege vicarious liability based on the evidence adduced," and never stipulated to proceed solely on direct liability. (*See* Dkt. 45 "Opp." at PageID #292, #294–295.) Plaintiff suddenly claims that this case also concerns whether Prime "might be [ ] vicariously liable," that "Prime misapprehends the Plaintiff's arguments and statement (which it incorrectly labels as a 'stipulation')," and that he understood the stipulation to merely be a comment on pleading posture which still allows him to amend the Complaint. *Id*. Plaintiff also complains that Prime "deficiently responded to Plaintiff's discovery [by] refusing to respond to … the issue of vicarious liability.") (Opp. at PageID #292.) These arguments are disingenuous.

This Court's orders and the hearing transcripts are unequivocal: "the parties both agreed that a further amendment to the Amended Complaint would not address or resolve the issues raised." (Dkt. 31.) During the pre-motion conference the following exchange also occurred:

> MR. PERRONG: **We're pursuing direct liability.**
> …
> THE COURT: Okay. So if [Mr. Krueger] prevails, it's game over. Right?
> MR. PERRONG: Understood.
> THE COURT: **You're not going to come back later and say but wait a second, what about vicarious?**
> MR. PERRONG: …we think that the facts obviously as pled indicate direct liability
> …
> THE COURT: **Do we need a stipulation on this just to be clear** that the pleading is only directed to direct …
> MR. PERRONG: We can stipulate to that on the record …
> THE COURT: **And you're not on this complaint seeking vicarious?**
> …
> MR. PERRONG: Not on the complaint, no.
> THE COURT: Okay. **Not on the amended complaint that you now have?**
> MR. PERRONG: Thats correct, your Honor.

(Pre-Motion Conf. Tr., Apr. 3, 2025, pp. 10:13-25; 11:1-25; 12:1-18.)

The on-record stipulation should be enforced. This Circuit agrees that such stipulations remain "one of the strongest and most binding agreements in the field of the law." *In re MarketXT Holdings Corp.*, 336 B.R. 39, 58 (Bankr. S.D.N.Y. 2006); *Manning v. New York Univ.*, No. 1:98-cv-03300 (NRB), 2001 WL 963982, at *6 (S.D.N.Y. Aug. 22, 2001); see also *Datiz v. Int'l Recovery Assocs.*, No. 2:15-cv-03549-DRH-AKT, 2017 WL 9400688, at *1 (E.D.N.Y. May 1, 2017) (oral stipulations entered into on the record in open court are binding). Plaintiff's intent to reverse course shouldn't be rewarded.

> 2. ***Discovery is not a backdoor to evidence of claims Plaintiff could not allege under Rule 8.***

Prime's Motion explained that bifurcation to resolve direct liability "will effectively foreclose any backdoor attempt to use third-party discovery to circumvent this Court's orders and existing stipulations." (Dkt. 41 at PageID #249–250.) Prime warned that although vicarious

3

liability is not alleged (*id*. at PageID #244), Plaintiff had served discovery requests on it. Plaintiff does not dispute this, but instead labels Prime's preemptive notice to the Court about his tactics as "gamesmanship."

Prime has relied on the parties' stipulation, and the Court has done the same in denying Prime's motion to dismiss, treating the case as one based exclusively on direct liability.[1] Any discovery requests seeking third-party information to prove vicarious liability (e.g., vendor information) contravene this Court's order and the parties' stipulation. (*See* Plaintiff's Exhibit A, Prime Discovery Responses and Objections citing to Dkt. 31).

Plaintiff accuses Prime of "bury[ing] its head in the sand," despite Prime consistently acknowledging potential third-party liability—if Plaintiff *could* have sufficiently alleged it in the original or amended complaint. (*See, e.g.,* Dkt. 34 at PageID #170, #172) ("he only way the alleged facts make any sense is if a third party made the calls [ ] But Plaintiff—quite intentionally to perform an end run around this Court's prior order—has disavowed pursuing any vicarious liability theory.") Rule 11 requires that factual contentions have evidentiary support. Plaintiff chose to pursue direct liability and may not now attempt to circumvent dismissal by reverting to a previously excluded theory. This is strictly prohibited and warrants admonishment: "the law is very clear that you cannot use discovery to find out whether you have a claim." *Gene Codes Forensics, Inc. v. City of New York*, 812 F. Supp. 2d 295, 308 (S.D.N.Y. 2011); *Lyeth v. Chrysler*

---

[1] *See* Dkt. 37–38 (Order denying motion to dismiss, noting that "Defendant [initially] made a strong showing that Plaintiff's claims may lack merit under direct and vicarious theories of liability under the TCPA," but that Plaintiff's Amended Complaint "is *solely* pursuing a claim of direct liability") (also citing Dkt. 31.) In other words, Plaintiff was given full opportunity at the outset to brief his vicarious liability theory. Prime, in turn, could have further investigated and addressed that claim. Yet now, Plaintiff seeks to walk back his prior stipulation and to reintroduce a theory he expressly abandoned—one that is neither alleged nor supported under the Amended Complaint. This reversal is also unduly prejudicial to Prime.

4

*Corp.,* 929 F.2d 891, 899 (2d Cir. 1991). Therefore, the Court should preclude Plaintiff's plan to "yet amend to plead" "vicarious liability if discovery [demonstrates that] direct liability is not available [but] vicarious [is] viable." (Dkt. 45 at PageID #294–295, #297).[2] Bifurcation confines Phase I discovery to direct liability consistent with the stipulation. Without it, Plaintiff would use broad discovery into third parties to indirectly pursue claims he abandoned. Bifurcation is therefore both appropriate and necessary to enforce the stipulation and preserve judicial resources by restricting discovery to the claim that actually exists in the Complaint.

      **B.**     **BIFURCATION PROTECTS JUDICIAL RESOURCES.**

          *1.*     *Plaintiff's Individual Claims are distinct from the putative Class Claims.*

Federal Rule of Civil Procedure 1 encourages efficient, speedy, and cost-effective resolution. Prime's Motion seeks to advance this goal by confirming first <u>whether</u> it placed calls to Plaintiff before months of expansive class discovery involving over 40 potential class members—covering distinct issues like receipt of calls to commercial phone lines or the existence of prior express consent. (Dkt. 41 at PageID #246–48.) In contrast, Plaintiff's strategy demands nationwide class discovery first. This is particularly concerning given his admission and intent to pivot toward vicarious liability.

Plaintiff argues that Prime could "just as easily" identify its involvement in calls "as to all class members." (Opp. at PageID #293.) But Prime cannot provide a blanket response regarding a nationwide class of individuals whose circumstances vary. Plaintiff further argues that bifurcation is unnecessary because only if "Defendant [made the calls] would bifurcation" later be relevant.

---

[2] Plaintiff's reliance on *Jawk Enters., LLC v. Greenlight Energy, Inc.*,—a case in which amendment was allowed "to cure any identified defects" in the amended complaint—is also immaterial. No. 1:19-cv-04212-ARR-SJB, 2019 WL 5881752, at *3 (E.D.N.Y. Nov. 5, 2019). Plaintiff had his chances to cure deficiencies in the Complaint. Plaintiff chose the theory he believed was viable. (Dkt. 31.)

(*Id*.) This misinterprets bifurcation's purpose. Plaintiff would invert the sequence by requiring classwide determinations before addressing gateway individual liability that may resolve the matter altogether. Tabling individual discovery would dramatically expand rather than narrow the litigation.

Plaintiff also argues that overlap between individual and class issues outweighs the "relatively minimal additional burden attendant to classwide discovery." (Opp. at PageID #293.) Plaintiff undermines his own argument by invoking *Wal-Mart Stores, Inc. v. Dukes* and other non-binding authorities (Opp. at PageID #302, #304–305), that simply confirm the complexities and "rigorous" demands associated with classwide issues. 564 U.S. 338, 131 S. Ct. 2541, 2545 (2011). Hence, there in fact are many reasons "why class discovery would be more burdensome." (*Id*. at PageID #299, #302.)

Individual discovery involves a more targeted review of call logs and internal records specific to Plaintiff's (208) XXX-XXXX telephone number. Whereas classwide discovery entails an investigation into nationwide call records, third-party vendor contracts, and as Plaintiff acknowledges, potentially subpoenas to external entities. (Opp. at PageID #299.) The inquiry is simple: did Prime place the calls to Plaintiff alleged in the Complaint or not? This is an issue specific to Plaintiff only, not any putative class members he seeks to represent. Class discovery may inevitably involve millions of records related to consent, Do-Not-Call compliance, and phone number classifications, imposing a substantial financial burden on Prime.

### 2. *Phase I discovery avoids wasteful duplication and maintains expedited resolution warranting bifurcation.*

Prime need only satisfy one ground for bifurcation. (*See* Dkt. 41 at PageID #247, quoting *Simon v. Philip Morris Inc.*, 200 F.R.D. 21, 27 (E.D.N.Y. 2001)) ("the presence of any one is sufficient to sustain such an order.")

Plaintiff's Opposition only reinforces the point: bifurcation will promote convenience, avoid prejudice, and reduce waste and create expeditiousness. Plaintiff argues that bifurcation will force the parties into two rounds of discovery. (Opp. at PageID #300–301) ("bifurcation guarantees [ ] exchanging individual claims discovery and 'to start all over again' on classwide issues.") But Phase II discovery would build upon—not duplicate—Phase I. Contrarily, Plaintiff's approach guarantees waste. He seeks to pursue vicarious liability, which would require restarting the litigation with a second amended complaint addressing issues previously removed from the Amended Complaint. This would trigger a new round of written discovery, responses, depositions, and third-party investigations, on top of class discovery.

Courts routinely recognize (*see, e.g.,* Dkt. 41 at PageID #247–250), that Prime's proposed sequencing is the most efficient path to resolving dispositive issues. Out-of-circuit cases cited by Plaintiff, such as *In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.,* No. 5:11-cv-90, 2014 WL 316476, at *6–7 (N.D.W. Va. Jan. 28, 2014) and *Carter v. Health Insurance King Agency, LLC*, No. 3:25-cv-00005 (S.D. Iowa Aug. 18, 2025), are inapposite. In both, the plaintiffs pled and diligently pursued vicarious liability theories, and alerted the court to the need for discovery relevant to those claims. Here, Plaintiff has actively doubled down on direct liability. His attempt to analogize to cases involving unresolved vicarious liability issues is misplaced.

*Harris v. Shore Funding Sols. Inc*. 2023 WL 3440077, at *2, is directly on point. Plaintiff argues that bifurcation was warranted in *Harris* only because this Court found "particular and individualized issues, [ ] focusing on whether plaintiff actually received calls or consented." *Id*. But that is precisely the situation here. Indeed, in *Harris*, this Court emphasized that efficiency justified bifurcation. *Id*. at *3 ("limiting discovery for a certain period (here, between August 2023–January 2024) as to whether Defendant in fact even called Plaintiff at that number (here,

7

Plaintiff's (208) XXX-XXXX number) would be efficient and avoids costly and potentially unnecessary class discovery in this matter.") Prime, like the *Harris* defendant, has expressed its "strong belief that it never called Plaintiff"[3] and seeks only to resolve this threshold issue first. Finally, *Harris* is instructive in another respect. Just as the plaintiff there failed to indicate what information his cellphone carrier provided regarding the disputed call, Plaintiff here—despite alleging that he provided his telephone number to defense counsel, and that "Defendant relied on [it] in its motion to dismiss"—has not identified his full telephone number. (Opp. at PageID #293.) Prime's Motion references the only number Plaintiff has identified: (208) XXX-XXXX. While the Complaint lists full phone numbers for the outreach he claims to have received, he does not do the same for his own number. To suggest that Prime could investigate and produce information based on three partial numbers is untenable.

Accordingly, as in *Harris*, this Court should find that limiting discovery for a defined period to determine whether Prime even contacted Plaintiff is both efficient and appropriate. *Harris*, 2023 WL 3440077, at *3.

### III.  CONCLUSION

The facts and law establish the appropriateness of bifurcation. The Court should enter an Order granting the Motion.

---

[3] Contrary to Plaintiff's conclusion that Prime denies having had anything to do with the subject calls and "thus that Prime did not 'place[] telephone calls to Plaintiff'" (*see, e.g.,* Opp. at Page ID #292), this assertion was never made by Prime—certainly not in its Motion. In fact, the very purpose for which it seeks to bifurcate discovery is to answer, one way or the other, *whether* Prime placed the calls and to dispose of the claims *if* it did not.

8

Dated: September 3, 2025               Respectfully submitted,

*/s/ David M. Krueger*
David M. Krueger (0085072)
*Appearing Pro Hac Vice*
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  dkrueger@beneschlaw.com

Laura E. Kogan (0087453)
*Appearing Pro Hac Vice*
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: lkogan@beneschlaw.com

*Attorneys for Defendant Charles Baratta, LLC, d/b/a Prime Marketing Source*

## CERTIFICATE OF SERVICE

The foregoing document was electronically filed on September 3, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Dated: September 3, 2025

/s/ David M. Krueger
David M. Krueger

This document complies with word-count limitations pursuant to this Court's Individual Practice Rules: 2485 words exclusive of tables of contents and authorities.

27466353